THE HARTFORD FIRE INSURANCE COMPANY, OF HARTFORD, CONN., v. CHARLES NELSON.

**No. 12,447.**   ( 67 Pac. 440.)

SYLLABUS BY THE COURT.

TORNADO INSURANCE— *Damage by Hail— Construction of Policy.* A policy of insurance which indemnified the insured "against all such immediate loss or damages sustained by the assured as may occur by tornadoes, cyclones, and wind-storms," and which provides that the insurance company should not be liable for any loss or damage occasioned by hail, and that the policy is intended to cover such loss only as shall result directly from tornadoes, cyclones, or wind-storms, does not cover a loss occasioned by the breaking of windows by hail, although such loss would not have occurred had not the hail been driven against the windows by a high wind.

Error from Bourbon district court; WALTER L. SIMONS, judge.   Opinion filed January 11, 1902.   Reversed.

*W. W. Padgett* **and** *Barger & Hicks*, for plaintiff in error.

*Charles E. Hulett,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : Plaintiff in error issued its policy of insurance to the defendant in error, by which it undertook to indemnify him "against all such immediate loss or damage sustained by the assured as may occur by tornadoes, cyclones, and wind-storms." The policy further provided that the company should not be liable for any loss or damage occasioned by hail, and "this policy is intended to cover such loss only as shall result directly from tornadoes, cyclones, or wind-storms." The insured building was struck by a very hard wind-storm accompanied by hail. The hail was blown with great violence against the windows on one side of the building, and occasioned the loss for the recovery of which this action is brought.

The question in the case is whether, under the terms of the policy, a recovery can be had. There is no question whatever that the loss would not have occurred had it not been for the high wind prevailing. By it the hail was dashed against the windows. We do not, however, think that in any true sense was the damage caused by the wind, as contemplated by the terms of the policy. The policy explicitly limited losses thereunder to those *directly* resultant from tornadoes, cyclones, or wind-storms, and expressly excluded loss which should be occasioned by hail. It is an insurance against wind only, and not against damage occasioned by wind in connection with other agencies. The hazard from hail is one separate and distinct from wind. Contracts may be made by companies authorized so to do for indemnity against loss from one or the other or both. It is reasonable to suppose that such indemnity would cost more for loss occasioned by both than either alone. It is a fact of general

knowledge that hail is usually accompanied by wind
of greater or less violence, and that the liability of
falling hail to do damage is thus greatly increased.
May we not take note of this general knowledge to ex-
plain the language of the policy and make plain the
reason why it was therein specifically provided that
the policy should not cover loss or damage occasioned
by hail?  Can there be any question that a policy in-
suring against loss from hail would have covered the
loss in question ?

In *Holmes v. Phenix Insurance Co.*, 39 C. C. A. 45,
98 Fed. 240, 47 L. R. A. 308, the policy insured
"against loss or damage by wind-storms, cyclones, or
tornadoes," and provided that the company should
not be liable for any loss or damage that may occur
"from hail or lightning, directly or indirectly."  Un-
der this provision, the court held that the insurance
clause specifically states that it insures against wind-
storms, cyclones, and tornadoes, not hail or hail-
storms.

The defendant in error cites the case of *The Queen
Insurance Co., of Liverpool, England, v. The Hudnut
Company*, 8 Ind. App. 22, 35 N. E. 397.  This seems
to have been a case where the policy insured against
damage occasioned by cyclones and wind-storms.  The
damage was occasioned by the blowing of a steamboat
against the insured building.  We cannot ascertain
from the case that there was any limitation imposed
in the policy of the character like that found in the
policy in question in this case, and are unable to see
the relevancy of the case.  The writer of this opinion
is further of the belief that the word "immediate,"
quoted above, has much force in the interpretation of
the language of the policy.  It means, in his opinion,
that the damage must be occasioned without the in-

terference of any agent; must be the direct work of air in motion, and not accomplished by any intermediary; that the term is one indicating agency, not time, one of causation, not of duration; but however this may be, the court is of the opinion that the loss complained of was not one resulting directly from a tornado, cyclone, or wind-storm, but was one occasioned by hail, and hence was not within the terms of the policy of insurance.

The judgment of the court below will be reversed, and the case remanded for further proceedings in accordance with this opinion.

ELLIS, POLLOCK, JJ., concurring.