## MARYLAND CASUALTY CO. v. RAZOOK et al.

Circuit Court of Appeals, Fifth Circuit. February 22, 1928.

No. 5172.

Insurance ☞424—Damage caused by rain driven through windows broken by wind held within water damage policy, though damage caused by wind was excepted.

Under a policy insuring against water damage, including damage caused by "rain or snow driven or admitted through broken or open windows," but excepting loss or damage "caused directly or indirectly by cyclone, tornado, windstorm, * * *" insurer *held* liable for damage caused by rain driven through windows broken by the wind during a great wind and rain storm.

In Error to the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Action at law by Corena Razook, joined by her husband, S. A. Razook, against the

Maryland Casualty Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Jesse Paul Kirk, Louis F. Snedigar, Francis M. Miller, John Graham McKay, and George J. Baya, all of Miami, Fla. (Snedigar, Miller, McKay & Baya, of Miami, Fla., on the brief), for plaintiff in error.

Robt. L. Shipp, of Miami, Fla. (Shipp, Evans & Kline, of Miami, Fla., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action against the Maryland Casualty Company on an instrument issued by it, called "water damage policy," insuring one of the defendants in error "against all direct loss and damage caused" to described property located in Miami, Fla., "solely by the accidental discharge, leakage, or precipitation of water or steam from the following sources: Plumbing system (not including automatic sprinkler system). Plumbing tanks (for the storage of water for the supply of the plumbing system). Steam or hot water heating pipes and radiators. Elevator tanks and cylinders. Stand pipes for fire hose. Roofs, leaders, and spouting. Rain or snow driven or admitted through broken or open windows and skylights—except as herein provided, to an amount not exceeding eighteen thousand and no/100 dollars."

The policy contained the following provision:

"Hazards Not Covered.—This company shall not be liable for loss or damage caused directly or indirectly by fire, lightning, cyclone, tornado, windstorm, earthquake, explosion including explosion and/or ruptures of steam boilers and flywheels, blasting, invasion, insurrection, riot, civil war or commotion, or military or usurped power or by order of any civil authority; or by theft; or by the seepage of water through building walls or foundations; or by leakage of water through sidewalks or sidewalk lights; or by floods inundation or backing up of sewers or outside drains; or by either the normal or unusual influx of tide water; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a 'water damage.'"

The claim asserted by the suit was based on damage caused to the insured property by rain driven or admitted through broken windows during the great storm at Miami in September, 1926. A jury was waived, and the court made findings of fact and conclusions

24 F.(2d)—11

of law, one of the findings of fact being to the effect that at the time above mentioned the windows of insured's store, containing the insured property, "were broken and blown out by a hurricane of great violence, and that the permanent fixtures and contents of said store were then and there damaged by rain accompanying said hurricane, which rain was then and there driven and admitted through said broken windows." The trial resulted in a judgment against the insurer, following the overruling of its motion for a judgment in its favor.

In behalf of the insurer it is contended that the loss or damage was caused by a hazard mentioned in the last above set out provision, a "cyclone, tornado, or windstorm," and not by "rain * * * driven or admitted through broken or open windows," within the meaning of those words as used in the first above set out provision. It cannot well be supposed that the insurer, in using the words, "rain * * * driven * * * through broken or open winodws," contemplated that the rain would be driven otherwise than by wind. To say the least, the language of the "Hazards Not Covered" clause does not clearly indicate an intention not to insure against loss or damage caused by rain driven by a cyclone, tornado, or windstorm, each of which may occur when there is no rain. That language is consistent with an intention to except—not loss or damage from rain, however it is driven through open or broken windows—but loss or damage caused directly or indirectly by cyclone, tornado, windstorm, or other hazards specified. Though a rain occurs during a windstorm, it properly may be regarded as an intervening, independent cause of water damage inflicted. The provision invoked by the insurer deals with hazards, loss or damage from which may not be contributed or added to by rain. That provision did not except loss or damage caused by a rain and wind storm, or by a rain which accompanies a cyclone, tornado, or other windstorm, but was effective to except loss or damage caused, not by rain or snow driven or admitted through broken or open windows or skylights, but solely by one or more of the hazards specified in that provision.

As the loss or damage to the insured property was caused by a hazard insured against, and not by one of the excepted hazards, the rulings complained of were not erroneous. Newark Trust Co. v. Agricultural Ins. Co. (C. C. A.) 237 F. 793; Commercial Union Assur. Co. v. Pacific Union Club (C. C. A.) 169 F. 776; Richmond Coal Co. v. Commer-

cial Union Assur. Co. (C. C. A.) 169 F. 746, 17 Ann. Cas. 1092; Hartford Fire Ins. Co. v. Nelson, 64 Kan. 115, 67 P. 440.

The judgment is affirmed.