### FRANKLIN FIRE INS. CO. OF PHILADELPHIA v. SMITH.

#### No. 10301.

Court of Civil Appeals of Texas. Galveston.

Feb. 4, 1937.

Rehearing Denied March 11, 1937.

Bryan & Bryan, of Houston, for plaintiff in error.

J. P. Bryan, of Angleton, for defendant in error.

GRAVES, Justice.

Under the disposition determined upon for this appeal, this court is not required to file a written opinion therein; however, in deference to the able counsel for both sides who have so painstakingly and helpfully briefed and argued it here, this short statement of the ground upon which the appeal has been decided is made:

The suit was an ordinary one by the owner of the property against the Insurance Company to recover upon a policy upon a house near Freeport, Tex., against any loss or damage up to $200 caused by a windstorm, cyclone, or tornado, the original policy being attached to and made a part of the plaintiff's petition, and being a "Texas Standard Combined Fire and Windstorm Dwelling Policy, numbered DFW–160," the plaintiff claiming total damage to the house of $175 from such a storm or tornado, which he alleged struck and so damaged the house about July 25 of 1934, specially averring the loss came directly within the terms of the contract; the defendant company, after demurrers and denials, further pleaded the exception-to-liability clauses in the policy, which exempted such damage as was caused by high water alone, by wind-driven water, or by the combined action of both these elements.

The cause was tried out at great length before the trial court on evidence for both sides, upon the conclusion of which the court rendered judgment in the defendant in error's favor for $150, as the total damage caused to the house by the windstorm, cyclone, or tornado alone—in accord with the express obligations of the contract—but finding an additional $50 damage to the floor of the house alone as having been caused by the combined action of the wind and water, which item he found the Insurance Company not liable for under such exception clauses in the policy.

The court filed detailed findings of both fact and law in support of its judgment, which the plaintiff in error vigorously assails in toto in this court—contending that no more than $10 damage, if that much, was shown by the testimony to have been caused to the house by the wind alone; indeed, the cause as presented here is a fact case, the correctness of the judgment below depending upon whether or not the testimony was sufficient to support the fact-findings so made by the court.

Without undertaking to detail any of the evidence, which is not required, this court has carefully examined the statement of facts, with the result that it fails to find any lack of supporting proof for the controlling findings made; the judg-

ment must, therefore, be affirmed; it will be so ordered.

Affirmed.