Paul COX, Appellant,

v.

QUEEN INSURANCE COMPANY OF AMERICA, Appellee.

No. 14134.

Court of Civil Appeals of Texas.

San Antonio.

July 10, 1963.

Rehearing Denied Sept. 4, 1963.

Alsup & Alsup, Corpus Christi, for appellant.

Johnson, Guthrie & Stanfield, Dallas, for appellee.

POPE, Justice.

Plaintiff, Paul Cox, sued to recover damages to his pier and bath house under the terms of his insurance policy with Queen Insurance Company of America. The trial court granted judgment for the defendant upon jury findings, the force of which brought the damages within the express exclusionary provisions of the contract. We affirm the judgment.

Plaintiff owned a pier and bath house at Fulton Beach in Aransas County, which were damaged on September 11, 1961. His policy provided that he was insured against direct loss resulting from windstorm, hurricane, or hail. The insurance contract contained this exclusionary clause:

"Unless specifically named hereon, this Company shall not be liable for loss * * * caused * * * (b) by snow storm, tidal wave, high water, or overflow, whether driven by wind or not; * * *."

The jury found, supported by the evidence, that the damages were caused by the combined action of wind and water, and not solely by the wind. The charge was submitted without objection. Under these findings, the judgment was the correct one. It is settled Texas law, under this exclusionary clause, that when there are two concurrent causes of damages, one of which is excluded by the contract, there is no coverage. Palatine Ins. Co. v. Coyle, Tex.Civ.App., 196 S.W. 560, affirmed Tex.Com.App., 222 S.W. 973; Franklin Fire Insurance Co. of Philadelphia v. Smith, Tex.Civ.App., 103 S.W.2d 470; Palatine Ins. Co. v. Petrovich, Tex.Civ.App., 235 S.W. 929. This is also the rule in most other jurisdictions. Hartford Fire Insurance Co. v. Nelson, 64 Kan. 115, 67 P. 440; National Fire Insurance Co. v. Crutchfield, 160 Ky. 802, 170 S.W. 187, L.R.A.1915B, 1094; Gelber v. Paramount Fire Ins. Co. (Mo.App.), 219 S.W.2d 871; Brindley v. Firemen's Ins. Co., 35 N.J. Super. 1, 113 A.2d 53; Newark Trust Co. v. Agricultural Ins. Co., 3 Cir., 237 F. 788, 791.

The judgment is affirmed.