**HANOVER INSURANCE COMPANY,**
Appellant,

v.

Richard H. SONFIELD, Appellee.

No. 14478.

Court of Civil Appeals of Texas.

Houston.

Jan. 7, 1965.

Harold R. DeMoss, Jr., Houston, Bracewell, Reynolds & Patterson, Houston, of counsel for appellant.

Sonfield, Sonfield & Lawrence, William J. Kershner, Houston, for appellee.

WERLEIN, Justice.

Appellee, Richard H. Sonfield, brought this suit against appellant to recover under a yacht policy issued by appellant damages to a boat which appellee alleged was severely damaged when it fell off of his trailer while it was being hauled by him from Austin to Houston. From the court's judgment rendered against it, appellant has appealed on the ground that the circumstances of the accident were not risks insured against in the policy, and the trial court's findings of fact do not support the court's judgment.

In its findings of fact, the court found, among other things, that when appellee was transporting the boat from Austin to Houston on September 4, 1961, his automobile hit a bridge abutment, causing the boat to .fall from the trailer and become damaged as a result thereof, and that the boat was damaged in the sum of $1300.00 which was a fair and reasonable amount necessary in order to return the boat to as nearly the same condition as it was in prior to the accident. The court concluded that appellant was liable to appellee in such amount, and that a "land transit rider" was not a part of the policy and was not necessary in order to hold appellant liable for such damages. The so-called "Agreed Findings of Fact and Conclusions of Law" were actually approved only as to form by appellant's attorney.

The perils which are insured against by the policy involved in this case are set forth in two paragraphs in the section of the policy headed "Hull Insurance" which read as follows:

"Touching the adventures and perils which the Company is content to bear and take upon itself, they are of the Harbors, Bays, Sounds, Seas and Waters as above named, Fire, Explosion, Collision, Assailing Thieves, Theft of entire vessel, Jettison, Barratry of the Masters and Mariners and all other like marine perils, losses and misfortunes that shall come to the hurt, detriment or damage of the said vessel or any part thereof.

"This insurance also to cover loss of or damage to hull or machinery directly caused by the following:

"Accidents in going on or off, or while on drydocks, graving docks, ways, gridirons or pontoons;

"Bursting of boilers, breakage of shafts or any latent defect in the machinery or hull, (excluding the cost and expense of replacing or repairing the defective part);

"Contact with aircraft or with any land conveyance;

"Negligence of master, mariners, engineers, pilots or repairers other than Assureds;

provided such loss or damage has not resulted from want of due diligence by the owners of the vessel or by the Assured."

It is clear that the loss in question did not result from any designated or other like marine peril. In the case of Charles Clarke & Company v. Mannheim Ins. Co., Com.App.1919, 210 S.W. 528, the court stated that a loss from a peril of the sea was one which has for its proximate cause the fortuitous action of the sea, operating either singly or in conjunction with other elements or causes, or is peculiar to transportation by vessels supported by the sea or its buoyancy, subject to certain well-defined limitations. The term "collision" used in connection with marine perils generally has reference to a collision between two vessels or between a vessel while navigating and some other floating object, and, also, according to some authorities, contact between a vessel in navigation and certain fixed objects, such as piers, wharves, bulkheads and pilings. Lehigh & Wilkes-Barre Coal Co. v. Globe & Rutgers Fire Ins. Co., 2d Cir. App., 6 F.2d 736; Cline v. Western Assur. Co., 101 Va. 496, 44 S.E. 700; Burnham v. China Mutual Ins. Co., 189 Mass. 100, 75 N.E. 74.

The second paragraph which defines the coverage of the policy confines the coverage to certain particular perils and is conditioned on there being no want of due diligence on the part of the assured or owner of the boat as a cause of the loss or damage. Appellee contends that he is entitled to recover since the loss is one coming within the provision "contact with any land conveyance." He testified that the boat as it was coming off the trailer hit his car and the frame work of the boat trailer and then slid on down the highway. He argues, therefore, that there was contact with a land conveyance. It will be noted that appellee did not plead that the boat struck or had contact with any land conveyance. He merely pled that the boat fell off the trailer and was severely damaged. The trial court did not find that the boat struck any land conveyance. The court found that appellee's automobile struck the bridge abutment, causing the boat to fall from the trailer and become damaged as a result thereof. Appellee did not object or except to the court's finding. Nor did he request any additional finding. The finding by the court is in accord with appellee's pleading and it finds support in the evidence. If the damage resulted, as the court found, from the boat falling off of the trailer, then it cannot be said that the damage resulted from the boat coming in contact with a land conveyance. The policy required appellee to show that the loss was "directly caused by" contact with a land conveyance. This appellee failed to do.

It seems obvious that the finding of the trial court that the loss resulted to the boat when the automobile struck a bridge culvert and caused the boat to fall from the trailer will not support the court's judgment in favor of appellee. "The rule that supplemental findings necessary to support the judgment are presumed, has no application when the findings and conclusions disclose the basis therefor, and that the court did not find such necessary supplemental facts." Burford v. Pounders, 145 Tex. 460, 199 S.W.2d 141. We are required to appraise the judgment in light of the findings actually made. We cannot presume a different finding in favor of the judgment where it has not been made. Reid v. Gulf Oil Corporation, Tex.Civ.App., 323 S.W.2d 107, aff'd 161 Tex. 51, 337 S.W.2d 267; Rule 299, Texas Rules of Civil Procedure.

It is clear that the cause of the boat falling from the trailer was the striking of the bridge abutment by the automobile. If the boat as it came loose from the trailer and fell therefrom in fact struck appellee's car and was damaged, it is more than likely that the major portion of the damage to the boat resulted from the boat's striking the ground, skidding along the highway and turning over. Appellee has wholly failed to show what damage, if any, resulted from contact with his automobile or trailer. Where damage to insured property is occasioned by two separate causes, one covered by the policy and the other not covered, the burden is upon the insured to show the amount of recoverable damage arising solely from the cause covered by the policy. Progress Laundry & Cleaning Co. v. Reciprocal Exchange, Tex.Civ.App., 109 S.W.2d 226, writ dism.; Palatine Ins. Co. v. Coyle, Tex.Civ.App., 196 S.W. 560, aff'd Com.App., 222 S.W. 973; Cox v. Queen Insurance Co., Tex.Civ.App., 370 S.W.2d 206, writ ref., n. r. e.

Moreover, the policy expressly provides that it covers loss or damage to the hull of the boat resulting from contact with any land conveyance, "provided such loss or damage has not resulted from want of due diligence by the owners of the vessel or by the assured." This provision does not constitute an exception or exclusion. It is rather a condition of the coverage. Appellant has not assumed liability for damage resulting from contact with a land conveyance generally, but only when it has not resulted from want of diligence by the assured. In the instant case appellee merely testified that he lost control of his car. It is our view that the statement by appellee that he lost control of his car is in effect an admission of want of diligence on his part, in the absence of any excuse or exculpable reasons for losing control of the car. The burden was on appellee to prove that the loss for which recovery was sought came within the coverage provided in the policy. To establish such fact it was necessary for appellee to prove not only that the boat came in contact with a land conveyance but also that the damage did not result from any want of diligence on his part. Bethea v. National Casualty Co., Tex.Civ.App., 307 S.W.2d 323, writ ref. Even if it can be said that want of diligence on the part of an assured ordinarily constitutes an exception or exclusion which must be pleaded as a defense, appellee is hardly in a position to urge that appellant did not plead want of diligence as an exception to liability for loss resulting from contact with a land conveyance since appellee has not pleaded that the loss resulted from such contact and in fact has failed to plead any loss or risk covered by the policy. Appellant did deny in its pleading that the loss and casualty in question was a covered risk under the terms of the policy.

Appellee has placed some reliance upon the following provision in the policy:

"Beginning the adventure upon the said vessel, as above, and so shall continue and endure during the period aforesaid, in port and at sea, in docks and graving docks, and on ways, gridirons and pontoons, at all times, in all places, and on all occasions not conflicting with warranties and clauses contained herein."

It is our view that this provision has reference to the duration of the policy and the places where a loss may occur, but it does not have any bearing upon what caused the loss. It does not in any way relieve appellee from establishing that the loss falls within the terms and conditions of the policy. The clause neither adds to nor subtracts from the coverage specified by the other paragraphs of the policy. Read v. Agricultural Ins. Co., 1935, 219 Wis. 580, 263 N.W. 632.

We are not in accord with appellee's contention that the trial court's judgment should be affirmed because appellant did not object or except to the judgment. The case was tried before the court without a jury. The judgment of the court,

which appellant approved only as to form, concludes with the sentence: "To which judgment Defendant, Hanover Insurance Company, gave notice of appeal in open court." In addition to the notice of appeal given in the judgment, appellant filed his formal notice of appeal in the office of the District Clerk.

In our opinion, the omission in the judgment of the words "To which judgment Defendant excepts" does not constitute a waiver on the part of the appellant of its right to appeal from the trial court's judgment. Nor are the findings of fact in a case tried without a jury conclusive on appeal although not excepted to, where a statement of facts appears in the record, as in the instant case. Swanson v. Swanson, 1950, 148 Tex. 600, 228 S.W.2d 156.

In Perkins v. Perkins, Tex.Civ.App., 237 S.W.2d 659, the court held that while entering a formal exception to the court's judgment would be the better procedure, the failure to do so did not prevent consideration of an appeal on its merits. In Counts v. Southwestern Land Co., Tex.Civ.App. 1917, 206 S.W. 207, a default judgment was entered and appellant moved to set aside such judgment. The court overruled such motion. Appellant did not formally except to the order overruling the motion but did file a notice of appeal. The court held that no formal words are necessary and that the notice of appeal certainly gave notice that objection was being made to the order of the court. The court cited 3 C. J., p. 900, as authority for considering "that an appeal is per se an exception to the judgment itself." This is in accordance with Rule 373, T.R. C.P., which provides in effect that formal exceptions are unnecessary and that all that a party need do is make known his objection to the action of the trial court. The cases cited by appellee are inapplicable to the factual situation of this case.

In view of our holding it will not be necessary to discuss appellant's last point of error which asserts that the trial court erred in entering judgment for appellee without reducing the amount of damages by the amount of the deductible provided for in the policy. Appellee has filed in this Court a remittitur of the $250.00 deductible provided.

Judgment reversed and rendered.