**Franky Lee CAGLE et al., Appellants,**

**v.**

**COMMERCIAL STANDARD INSURANCE COMPANY, Appellee.**

No. 11568.

Court of Civil Appeals of Texas.

Austin.

April 10, 1968.

Rehearing Granted In Part and Denied In Part May 1, 1968.

Taylor & Taylor, Temple, Strasburger Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for appellant.

Naman, Howell, Smith & Chase, George Chase, Waco, for appellee.

HUGHES, Justice.

This suit is the aftermath of the decision and opinion of this Court in National Automobile and Cas. Ins. Co. v. Allco Ins. Agency, 403 S.W.2d 174, n. w. h., and the events described therein. In that case we rendered a judgment for National Automobile and Casualty Insurance Company and against Franky Lee Cagle, Rose Marie Watts and Robert Walter Watts in the sum of $9,500.00, all of whom are appellants herein.

Mr. Cagle and Mr. and Mrs. Watts brought this suit to recover against their insurer, Commercial Standard Insurance Company, appellee, the amount of the judgment rendered against them in the

suit to which we have referred. National Auto intervened in this suit and is aligned with the individual appellants.

Motions for summary judgment were filed by all parties. The motion of appellee was granted and the other motions were denied.

The provisions of the policy issued by appellee to the individual appellants with which we are concerned are:

"I. COVERAGE. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay on account of any claim made against the insured and caused by any negligent act, error or omission of the insured or any other person for whose acts the insured is legally liable in the conduct of their business of General Agents, Insurance Agents or Insurance Brokers including all claims involving the liability of the insured to any insurance Company for whom the insured as an Agent has issued a Policy, Covernote or Binder resulting in a Company being held liable for paying their Policyholder and thereafter claiming on the insured in respect of such liability which but for the error or omission on the part of the insured would not have involved liability on the Company concerned.

\* \* \* \* \* \*

THIS POLICY DOES NOT APPLY:

(a) To any dishonest, fraudulent, criminal or malicious act, libel or slander;"

Appellee's motion for summary judgment was based on the allegation that this Court in the opinion cited above "found that the acts of the (individual appellants) were fraudulent in said noncancellation of the Stovall policy, and therefore this defendant (appellee) could not be liable under the terms of its policy" issued to such appellants.

Appellants' motion for summary judgment was also based on a construction of our opinion in the former case, it being contended that one of the grounds upon which we based our decision therein was that the insurance agents (individual appellants) failed to follow and carry out the instructions given them by their principal, National Auto, to cancel the Stovall policy.

We agree with appellants' interpretation of our former opinion. While this opinion is in the books, enough of it will be quoted here to make this opinion complete. The following quotations are from that opinion:

"This suit was by National Automobile and Casualty Insurance Company, appellant, against Allco Insurance Agency, a partnership, appellee,[1] seeking re-

"1. This partnership is composed of Franky Lee Cagle, Rose Marie Watts and Robert Walter Watts.

imbursement for the amount paid by it to satisfy a claim on an insurance policy issued by it through appellee as its agent in Temple, Texas. The claim for reimbursement was based on allegations that appellee had failed to follow the instructions of appellant which would have resulted in cancellation of the policy before any liability on it arose.

\* \* \* \* \* \*

Appellee, as agent for appellant, submitted an application for an automobile garage liability insurance policy on one Benny Stovall, the policy period being from May 14, 1964 to May 14, 1965.

This policy provided, in part:

'This policy may be cancelled by the company by writing to the named insured at the address shown in the policy a written notice stating that, when,

not less than ten days thereafter, such cancellation shall be effective.'

In issuing the policy appellant wrote appellee that this business was accepted 'subject to a favorable inspection report' on all drivers. The report on Mr. Stovall was bad in that he had too many speeding tickets and too many other violations and two accidents in his lifetime, and on July 14, 1964, appellant wrote appellee so informing it and requesting, 'Please return the captioned policy for cancellation within the next ten days.'

In July 21, 1964, appellee replied to appellant and, after making a plea for Mr. Stovall, stated, 'Will you please reconsider your request for cancellation and advise * * *.'

On July 31, 1964, appellant replied to appellee and concluded, 'We regret very much that we must request the return of the policy for cancellation once more.'

On August 14, 1964, appellant again wrote appellee advising it that unless the Stovall policy or 'other valid cancellation evidence' was received in five days it would send direct notice of cancellation to the insured.

On August 19, 1964, appellee wrote appellant regarding the Stovall policy as follows: 'Coverage written this date with the Western Alliance Insurance Company, Austin, Texas this date re-placcing the above policy. Your policy will be place-in the mail Friday August 21, 1964 cancelled effective August 19, 1964.'

In truth, no such insurance was procured by appellee, nor was the policy with appellant mailed in or cancelled.

On August 28, 1964, appellant sent direct notice of cancellation to the insured effective September 9. Nothing more transpired between the parties between August 19, 1964 and September 8th, 1964, when Benny Stovall had an accident which resulted in payment of $9,500.00 by appellant in damages.

\* \* \* \* \* \*

Appellant also pled that it had requested appellee to cancel such policy or return it for cancellation and that appellee had failed to do either and that for such failure appellee was liable to appellant as a matter of law for ensuing damages.

It is this latter pleading together with the plea of estoppel which, in our opinion, controls the nature of the case in this Court.

Unless appellee was under a duty as agent for appellant to cancel the Stovall policy its failure to do so, in the absence of fraud or estoppel, would not be actionable. If it did have such duty then it was the result of contractual relations between the parties and a breach of such duty would be a breach of contract.

There are cases which hold that a breach of contract may give use to a tort action as well as for breach of contract. Westbrook v. Watts, Tex.Civ.App., 268 S.W.2d 694, Waco, writ ref., n. r. e.

█ It is sufficient here to say that since appellant has waived his suit based on negligence that there can be no defense of contributory negligence interposed by appellee.

\* \* \* \* \* \*

It is appellee's position that it was not authorized to cancel policies of insurance issued by appellant, and that it was never requested to cancel the Stovall policy.

It is our opinion that the agency agreement between the parties clearly gave to appellee authority to cancel all policies,

bonds or obligations which were issued or written by or through it at its discretion. This authority was essential to the agent for the reason that the agent was responsible for premiums, collected or uncollected.

■ There is no specific language in the agency agreement which authorizes or requires the agent to cancel policies at the direction of the company. The company does, however, expressly reserve the right to reject any risk submitted by the agent. The retention of this right necessarily includes all reasonable means of making it effective. The most practical method, it seems to us, would be to notify the agent of the rejection and request cancellation of the policy.

■ In any event, the parties here have placed a construction of the agency agreement in accordance with this interpretation of it by their acts and conduct and, in our opinion, are bound by such construction. 13 Tex.Jur.2d, Contracts, Sec. 128.

This practical construction of the agency agreement by the parties extends not only to the right of the company to require its agents to cancel policies where the risk was unsatisfactory but also to the method of cancellation. The company could, as the agreement provides, cancel direct, but the parties have acted to include other methods.

Appellant wrote to appellee requesting return of the Stovall policy for cancellation. Appellee answered by asking a reconsideration of the 'request for cancellation.' Appellant, in reply, again requested 'return of the policy for cancellation.' A few days later appellant wrote to appellee that if the 'original policy

or other valid cancellation evidence' was not forthcoming direct notice of cancellation would be sent the insured. Five days later appellee wrote appellant that the Stovall policy would be mailed August 21 'cancelled effective August 19.'

■ These communications conclusively establish, in our opinion, the understanding of appellee that it was to effect cancellation of the Stovall policy and that the method of cancellation was left to its discretion.

It is to be noted that appellee did not state that the policy was being returned for cancellation by the company but rather it would be mailed after its prior cancellation.

■ It is our opinion that appellant acted within the scope of its agreement with appellee in directing it to procure cancellation of the Stovall insurance policy and that appellee knowingly and dutifully undertook to bring this about but that, as a matter of law, it failed to discharge its duty in this regard and is responsible to appellant for the consequences of such failure.

■ We are also of the opinion that appellee is estopped to deny its liability to appellant for the loss sustained by it under the Stovall policy because of the false representation to appellant that the Stovall policy had been cancelled, upon which representation appellant relied to its injury.

The jury answer that appellant did not have the right to rely on such letter after the Stovall policy was not received by August 25 is, we believe, without any evidence to support it.

Nothing transpired between the parties regarding the Stovall policy be-

tween August 19 letter and the arbitrary date of August 25. This period was marked only by the passage of time. The trial court and the jury gave appellant six days, at most, in which to make up its mind that appellee was not telling the truth, and to take action.

It is to be noted that the date fixed by the court and jury is just three days prior to the date on which appellant did cause direct notice of cancellation to be issued to Stovall.

Of course, if the policy had been mailed as promised it would have been received by appellant before August 25. Was appellant to assume because of the non-receipt of the Stovall policy by August 25, and nothing more, that all of the representations made in the August 19 letter were false? We believe that appellant had the right to assume the truthfulness of factual statements of past events i. e. 'coverage written this date * * * replacing the Stovall policy' and 'Cancelled effective August 19, 1964,' without being alerted to their falsity by the non-performance of the promise to mail the policy on August 21st. The cancellation of the policy was the primary concern of appellant, not its timely mailing.

■ Persons who make material false representations as to matters in which they have an interest with the knowledge that such false representations will be accepted and acted upon as true by the persons to whom they are made, are not to be excused from their wrongful conduct by tenuous argument, strained logic, or misplaced sympathy.

■ While the issue finding that appellant had no right to rely upon the August 19 letter after August 25 is not couched in negligence or contributory negligence terms, the principle applicable is the same. It is well settled that contributory negligence is no defense to a suit based on fraud, an essential element of estoppel. ˙

\* \* \* \* \* \*

Under these authorities, it is our opinion that appellant did not lose the right to rely upon the factual, as distinguished from the promissory statements, in the August 19 letter by August 25 or August 28. The fact that the Stovall policy was not received within these dates did not we hold, as a matter of law, charge appellant with knowledge of the falsity of the statements in the letter that other coverage had been obtained and the Stovall policy cancelled.

We reverse the judgment of the trial court and render judgment against appellee for the sum of $9,500.00, with interest from this date at the rate of 6% per annum and for all costs in this behalf expended. This judgment will be against the individual members of the appellee partnership."

It is clear that in the former case we held appellees there, liable on two distinct grounds (1) breach of contract and (2) fraud. Thus it appears that one basis of our former opinion, failure to perform a duty imposed by contract, is within the coverage afforded by the insurance policy in suit, and the other basis for our former opinion, is not within the coverage afforded by such policy.

The principle to be applied in such situations is stated in an annotation found in 63 A.L.R.2d, p. 1122, l.c. 1123, as follows:

"From a perusal of all the cases in point the general principle may be deduced that a provision in a liability pol-

icy specifically excluding from coverage liability assumed by the insured under a contract not defined in the policy is operative—in the sense that it relieves the insurer of liability otherwise existing under the policy—only in situations where the insured would not be liable to a third party except for the fact that he assumed liability under an express agreement with such party, but does not relieve the insurer from liability under the policy where the liability of the insured assumed by the insured under an express contract with the third party is coextensive with the insured's liability imposed upon him by law. In other words, where the express contract actually adds nothing to the insured's liability, the contractual liability exclusion clause is not applicable, but where insured's liability would not exist except for the express contract, the contractual liability clause relieves the insurer of liability."

In addition to the authorities cited in such annotation see Lumbermens Mutual Cas. Co. v. Town of Pound Ridge, 362 F. 2d 430, U.S.Cir.Ct. of App., 2nd Cir.

Paraphrasing the last sentence in the quotation from A.L.R.2d to our factual situation, it would read:

■ "In other words, where the finding of fraud adds nothing to the insured's liability, the fraud liability exclusion clause is not applicable, but where the insured's liability would not exist except for the fraud, the clause excluding fraud relieves the insurer of liability."

■ Since the individual appellee's liability in the former suit was established independently of the fraud practiced on a ground within the coverage of the policy in suit, liability of the insurer is not relieved by the clause excluding liability on the ground of fraud.

Appellees cite only one case to counter the effect of the authorities and principle upon which appellants rely, Cox v. Queen Insurance Company of America, 370 S.W. 2d 206, Tex.Civ.App., San Antonio, writ ref. n.r.e. This case involved a windstorm insurance policy which excluded liability for damage caused by water whether driven by wind or not. The jury found that the damage was caused by a combination of wind and water. In holding for the insurance company, the Court stated that when there are two concurrent causes of damage, one of which is excluded by the contract, there is no coverage.

We do not consider this case to be controlling here for the reason that the failure of the agents to follow instructions and cancel the Stovall policy caused all the loss as did the false representations which were made. These two causes of damage were not concurrent causes of the damages in that neither cause contributed to the damage produced by the other cause. Each cause was an independent cause of the entire loss.

We reverse the judgment of the trial court and render judgment that appellants recover of and from appellee the sum of $9,500.00 with interest thereon at the rate of 6% per annum from May 4, 1966, the date of the judgment of this Court in the former suit, and for the sum of $298.00, costs incurred in such suit, plus interest thereon at 6% per annum from May 4, 1966, and for all costs in this behalf expended.

Reversed and Rendered.

## ON APPELLEE'S MOTION FOR REHEARING

Appellee calls our attention to a $250.00 deductible provision contained in its policy

involved in this suit and states that our judgment should be in the principal sum of $9,250.00 rather than $9,500.00. This is correct. Our original judgment is reduced accordingly. In this respect, appellee's motion is granted; in all other respects it is overruled.

Granted in part, in part overruled.