**AFFIRM and Opinion Filed December 18, 2019**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-18-01050-CV
_____

**AIX SPECIALTY INSURANCE COMPANY, Appellant**
**V.**
**RAJ SHIWACH, MD, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-04268**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice O'Neill[1], and Justice Rosenberg[2]
Opinion by Chief Justice Burns

This appeal involves insurer AIX Specialty Insurance Company's ("AIX") duty to defend

the insured Dr. Raj Shiwach, MD ("Shiwach"). AIX appeals the summary judgment in Shiwach's

favor, contending in six issues the trial court erred by granting Shiwach's partial motion for

summary judgment and denying its motion for summary judgment. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Shiwach purchased a professional liability policy from AIX. When Leslie Broderick, a

patient under Shiwach's psychiatric care at Hickory Trail Hospital, LP ("HT"), sued Shiwach, he

notified AIX of Broderick's lawsuit and demanded AIX defend and indemnify him. AIX refused,

---

[1] The Hon. Michael J. O'Neill, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] The Hon. Barbara Rosenberg, former Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

contending neither Broderick's Original Petition nor her later First Amended Petition (the "Broderick Petition") asserted any covered allegation because the policy's sexual, criminal, and willful acts exclusions applied. Shiwach paid for his own defense and prevailed in the district court and on appeal. Despite a renewed request by Shiwach to reimburse his defense costs, AIX again refused.

Shiwach sued AIX, asserting claims for breach of contract, violations of chapters 541 and 542 of the Insurance Code, and recovery of his attorneys' fees. AIX's answer included a general denial, various affirmative defenses, but no counterclaims.

Shiwach moved for partial summary judgment, omitting only his chapter 541 claims. Together with the Broderick Petition and the policy, Shiwach's evidence included the summary judgment order and the related appellate opinion from the Broderick lawsuit, in which both courts determined Broderick's claims against Shiwach were time-barred "healthcare liability claims." AIX objected to both exhibits as a violation of the eight-corners rule and filed a combined no-evidence and traditional motion for summary judgment addressing each of Shiwach's claims.

After the summary judgment hearing but before the trial court ruled, Shiwach filed a notice of nonsuit as to his chapter 541 claims. The trial court granted Shiwach's nonsuit, overruled AIX's objections to Shiwach's evidence, granted Shiwach's motion for summary judgment, and denied all other relief. AIX appeals the order overruling its objections, the order granting Shiwach's nonsuit, the summary judgment in Shiwach's favor, and the denial of its motion for summary judgment.

## DISCUSSION

### Standard of Review and Burden of Proof

We review a trial court's grant of summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). To prevail on a traditional motion for

summary judgment, a movant must prove the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). To prevail on a no-evidence summary judgment, the non-movant must produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). In both instances, we credit evidence favorable to the nonmovant if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *Id.*; *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

The insured has the initial burden to establish a claim potentially covered by the policy. *Dallas Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 222 (Tex. App.—Dallas 2015, no pet.). If the insured does so, the burden shifts to the insurer, which can then defeat the duty to defend by demonstrating the application of any relevant exclusion. TEX. INS. CODE § 554.002; *Calitex Corp.*, 458 S.W.3d at 222.

**Duty to Defend**

In its first issue, AIX contends the trial court erred in not granting its summary judgment motion because injuries that arose out of an alleged gang rape[3] were not "medical incidents" that triggered its duty to defend. To determine whether the Broderick Petition triggered AIX's defense obligation, we must first decide whether it alleged a covered "medical incident" as the cause of Broderick's injury.

The eight-corners rule governs our analysis. *Ewing Const. Co., Inc. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014). Pursuant to the eight-corners rule, we look to the four corners of the petition for allegations potentially within the scope of coverage in the four corners of the

---

[3] Because the statute of limitations barred the Broderick lawsuit, the court did not reach the merits of Broderick's claims.

insurance policy. *Id.* We consider the factual allegations in the petition without regard to their truth or falsity, and we resolve all doubts regarding the duty to defend in the insured's favor. *Id.* If the underlying petition contains even one covered claim, the insurer must defend the entire suit. *Evanston Ins. Co. v. Legacy of Life, Inc.*, 370 S.W.3d 377, 380 (Tex. 2012).

Here, the policy required AIX to defend and indemnify Shiwach against a claim for damages with respect to an injury only if "(1) the injury is caused by a 'medical incident'; . . . (3) the injury arises out of the individual insured's profession as a physician; and (4) [a] claim for damages, with respect to the injury, is first made against any insured." The policy defined a "medical incident" as "any act or omission arising out of the providing of or failure to provide professional medical services . . . by the insured or any person acting under the personal direction, control or supervision of the insured."

Thus, we examine the allegations against Shiwach. We first note that the Broderick Petition's introductory paragraph listed all defendants: Shiwach, HT, Universal Health Services, Inc., UHS of Delaware, Inc.,[4] a "manager of HT called John Doe," "Chica an employee of HT last name unknown," and a "European woman also employed by HT." The same paragraph defined each listed defendant collectively as "Defendants."

The Broderick Petition also identified each defendant in separate numbered paragraphs and provided capacity information about each. Regarding Shiwach, the petition specified:

> 3. The Defendants are all sued in their capacity as employees and managers of Hickory Trail LP and or the Universal Health "UHS" Defendants. Dr. Shiwach is sued in his individual capacity as well as his capacity as a medical professional and employee and or manager of Hickory Trail LP "HT" and the UHS Defendants.

Under a heading for "Causes of Action," the petition alleged only facts:

> 11. Plaintiff was gang raped by the above individual Defendants while a patient at Defendant HT. *The above named persons all participated in some manner in the rape which occurred in or about May 2014.*

[4] We refer to Universal Health Services, Inc. and UHS of Delaware, Inc. collectively as "UHS."

12. The Defendants HT and the UHS Defendants *ratified the rape because managers of the Defendants were involved in the rape*, and such rapes have been occurring at UHS facilities with regular frequency across the country since at least 2004. *The Defendants HT and UHS have failed to take action to correct the problems with rape, suicide, and over drugging of patients at their facilities as well as keeping patients who should never have been admitted to their facilities.* Serious regulatory violations were noted at least 13 of the 26 UHS facilities in Texas. The Defendants UHS were cited for serious problems in 8.4% of their cases while the national average is 3% per federal regulators.

13. The UHS Defendants own, control, and manage Defendant HT. The UHS Defendants and the Defendant HT were responsible for *negligent hiring of the individual defendants, understaffing, failing to provide adequate security, failing to perform background checks and negligent retention* of the individual defendants along with inadequate security measures and staffing.

14. *Each and every one of these actions and or inactions* were a proximate and or producing cause of the Plaintiff's damages.

15. Plaintiff is entitled to her legal damages for the rape including but not limited to pain and suffering, mental anguish, and loss of income.

\*\*\*\*\*\*\*\*\*\*

WHEREFORE, Plaintiff requests … that on final trial, Plaintiff have judgment against the individual and corporate defendants *for all her legal damages*, and for punitive damages and for all her pre and post judgment interest and for such other and further relief both at law and equity to which she may be justly entitled. (emphasis added).

Shiwach does not argue the policy covers the rape allegation in paragraph 11. Instead, he argues the petition asserted the potentially covered claims in paragraphs 12 and 13 against him as a manager or employee of HT and UHS. Relying on the required liberal reading in favor of the duty to defend, Shiwach contends the petition alleged three potentially covered malpractice claims, any one of which triggered AIX's duty to defend: (1) failure to correct problems with patient suicide, (2) over drugging of patients, and (3) improper retention of patients. Shiwach further contends these triggering allegations cannot be subsumed by the rape allegation because the petition specifically alleged "each and every action or inaction pleaded was a proximate and or producing cause" of Broderick's damages.

In response, AIX contends Broderick's sole claim against Shiwach was rape, for which the policy excluded coverage. AIX relies heavily on paragraph 15, contending Broderick's qualification of "her legal damages for the rape" brought the allegations within the parameters of the sexual exclusion.[5] AIX further argues that because Broderick asserted the potentially covered claims in paragraphs 12 and 13 against HT and UHS only, the trial court improperly rewrote those allegations to include Shiwach.

Although the specific allegations against Shiwach and the capacity in which they were alleged against him lack clarity, the eight-corners rule does not require us to ignore logical inferences that flow from the facts alleged in the petition. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 645 (Tex. 2005) (inferring a profit motive even though pleadings made no reference to any pecuniary interest). In other words, reasonable inferences arising from the petition may give rise to a duty to defend. *Gen. Star Indem. Co. v. Gulf Coast Marine Assoc.*, 252 S.W.3d 450, 456 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Gomez v. Allstate Tex. Lloyds Ins. Co.*, 241 S.W.3d 196, 204–05 (Tex. App.—Fort Worth 2007, no pet.).

For example, in *General Star*, the plaintiff oil and gas lessee hired a company to move an oil rig. 252 S.W.3d at 455. The lessee alleged in its petition that, while moving, the rig contacted the "well stub or net protector," bending the "well and well stub." *Id*. at 456. The lessee sought damages for, among other things, restoration and profit and production losses. *Id*. The company's insurer refused to defend, relying on the policy's exclusion for damages related only to the well. *Id*. at 455. Construing the petition liberally, the Fourteenth Court of Appeals inferred that some portion of the damages the lessee sought could have included damage to the well stub or net protector, bringing the lessee's claim within coverage. *Id*. at 456.

---

[5] We address the exclusion below.

Here, paragraph three of the Broderick Petition specified that "Dr. Shiwach is sued in his individual capacity as well as his capacity as a medical professional and employee and or manager of Hickory Trail LP 'HT' and the UHS Defendants." Adhering to the analysis in *General Star*, we agree with Shiwach's contention that a reasonable inference exists that "when Broderick says 'HT' [and 'UHS'], she also means Shiwach." Construing the petition liberally, we infer that Broderick sought damages against Shiwach as an individual, physician, employee, and manager of HT and UHS for the allegations in paragraphs 11–13. We accordingly conclude Shiwach carried his burden in demonstrating potentially covered claims and overrule AIX's first issue.

**Alleged Defects in Shiwach's Summary Judgment Motion**

In its second issue, AIX contends the trial court erred in granting Shiwach's motion for summary judgment because the motion failed to identify or address Shiwach's specific causes of action or their essential elements. Specifically, AIX argues Shiwach's motion had to expressly assert that the factual allegations in the Broderick Petition potentially met the essential terms of AIX's policy. AIX also complains the motion never discussed the origin of Broderick's damages, never connected Broderick's injury to the policy's requirements, and never cited to the policy's definition of a "medical incident" or to case law interpreting the term.

A motion for summary judgment must state the specific grounds upon which judgment is sought, and stands or falls on those grounds alone. TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339–41 (Tex. 1993). Like the fair notice pleading requirement, specificity in a motion for summary judgment serves "to provide the nonmovant with adequate information to oppose the motion and to define the issues." *Hevey v. Hundley*, No. 05-12-00588-CV, 2013 WL 5782924, at *2 (Tex. App.—Dallas Oct. 25, 2013, pet. denied) ("If the motion contains a concise statement that provides fair notice of the claim involved to the nonmovant, the grounds for summary judgment are sufficiently specific.").

Here, as to his breach of contract claim, Shiwach alleged the policy was a valid and binding contract; AIX acknowledged prompt tender and notice of the Broderick lawsuit; AIX failed to provide him a defense and thereby breached the policy; and, as a result, he was entitled to damages. As to his chapter 542 claim, Shiwach alleged AIX wrongfully rejected its defense obligation, entitling him to additional damages. As to his attorneys' fees claim, Shiwach alleged his attorneys' fees were direct damages stemming from AIX's breach of the policy to which he was entitled pursuant to the Business and Commerce Code, the Insurance Code, and the Civil Practice and Remedies Code. With respect to each claim, Shiwach cited case law and presented admissible summary judgment evidence.

We therefore conclude Shiwach's motion gave AIX fair notice of the grounds on which he sought summary judgment with adequate information to oppose it. We overrule AIX's second issue.

**Exclusions**

In its third issue, AIX contends that even if the Broderick Petition alleged a "medical incident," the sexual, criminal, and willful acts exclusions precluded any defense obligation.[6] The policy excluded medical incidents arising out of actual or threatened sexual abuse or misconduct, criminal acts, and willful, wanton, fraudulent, or malicious acts or omissions.[7] An injury arises out

---

[6] We recognize AIX also raised the professional liability of others and hospital liability exclusions. We observe the predicate capacities for the application of these exclusions are a "member, partner, officer, director, [or] stockholder" of any professional entity or a proprietor, hospital administrator, trustee, or governor of a medical facility." Broderick sued Shiwach as an individual, physician, employee, and manager, rather than in any of these excluded capacities. Accordingly, we reject application of these exclusions.

[7] The relevant language provides:
**TEXAS SEXUAL ABUSE, MISCONDUCT AND MOLESTATION EXCLUSION ENDORSEMENT**
\*\*\*\*\*\*\*\*\*\*\*
This insurance does not apply to a "medical incident" . . . arising out of:
1. The actual or threatened: a. Sexual abuse; b. Sexual misconduct; c. Sexual molestation; d. Physical abuse; or e. Physical molestation by anyone of any person; or
2. The negligent: a. Employment; b. Investigation; c. Supervision; d. Reporting to the proper authorities, or failure to so report; or e. Retention;
of any person for whom any insured is or ever was legally responsible and for such person's conduct which

of excluded conduct if but for causation exists. *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004). Texas courts and the Fifth Circuit recognize a distinction between cases involving concurrent, but for causation, and those involving separate and independent causation. *Utica Nat'l Ins. Co.*, 141 S.W.3d at 2; *Willbros RPI, Inc. v. Cont'l Cas. Co.*, 601 F.3d 306, 311 (5th Cir. 2010).

In cases involving concurrent, but for causation, excluded and covered acts combine to cause the plaintiff's injuries. *Utica Nat'l Ins. Co.*, 141 S.W.3d at 204; *Willbros RPI, Inc.*, 601 F.3d at 311. Because the two causes cannot be separated, the exclusion is triggered. *Fed. Ins. Co. v. Everest Nat'l Ins. Co.*, 257 S.W.3d 771, 777 (Tex. App.—Dallas 2008, pet. denied) (exclusion barred coverage for foundation damage where "but for the alleged foundation damage, there would be no HOA suit."); *Burlington Ins. Co. v. Mexican Am. Unity Council*, 905 S.W.2d 359, 363 (Tex. App.—San Antonio 1995, no writ) (exclusion applied where negligent supervision of a youth home resident and the assault and battery which caused her injuries were not "separate and independent"); *Thornhill v. Houston Gen. Lloyds*, 802 S.W.2d 127, 130 (Tex. App.—Fort Worth 1991, no writ) (exclusion applied where store was negligent in selling alcohol to minors and failing to train its employees regarding permissible purchases because the claims were "related and interdependent.").

Conversely, in cases involving separate and independent causation, the covered act and the excluded act each independently cause the plaintiff's injuries, and the insurer must defend despite

---

would be excluded by Paragraph 1. above.

**3. Exclusions**
This insurance does not apply to:
**a. Criminal Acts**
Injury arising out of a criminal act, including but not limited to sexual abuse or molestation or fraud, committed by the insured or any person for whom the insured is legally responsible.
\*\*\*\*\*\*\*\*\*\*\*
**j. Liability Arising out of any Willful, Wanton, Fraudulent or Malicious Acts or Omissions**
Injury arising out of a criminal act, including but not limited to sexual abuse or molestation or fraud, committed by the insured.

the exclusion. *Willbros RPI, Inc.*, 601 F.3d at 311; *Warrilow v. Norrell*, 791 S.W.2d 515, 526 (Tex. App.—Corpus Christi 1989, writ denied) (exclusion did not apply where plaintiff's liability could arise from negligent failure to have a defective gun repaired or negligent failure to keep an empty chamber under the hammer, each of which was an independent cause of the victim's death); *Cagle v. Com. Standard Ins. Co.*, 427 S.W.2d 939, 943–44 (Tex. Civ. App.—Austin 1968, no writ) (rejecting application of policy's exclusion for fraudulent acts where breach of contract and fraud were independent causes of the plaintiff's damages); *Guar. Nat'l Ins. Co. v. N. River Ins. Co.*, 909 F.2d 133, 137 (5th Cir. 1990) (because hospital's failure to secure windows and its failure to properly supervise a psychiatric patient both independently caused the patient's suicide, the professional exclusion did not apply).

Applying these standards, Shiwach's potential liability could rest on the rape allegation, for which no coverage exists, or the covered allegations that Shiwach—as an individual, physician, employee, and manager of HT and UHS—(1) failed to take actions to correct problems with suicides and over drugging of patients, (2) failed to provide adequate security measures and staffing, (3) negligently hired and retained employees, or (4) improperly admitted and failed to discharge patients. The Broderick Petition did not clearly allege whether any one act or omission caused or arose out of any other, nor did it provide any connection between the potentially covered allegations and the rape. It did not limit the potentially covered allegations in paragraphs 12 and 13 to factual conditions which purportedly created the opportunity for the rape, and it did not limit the entities' liability (including Shiwach's liability as an employee or manager of HT and UHS) to the rape. And although Broderick sought her "legal damages for the rape," the petition did not limit Broderick's damages to the rape in paragraph 15, the prayer for relief. Moreover, the petition expressly alleged each "action or inaction" described was a "proximate or producing cause" of Broderick's damages.

We conclude the Broderick Petition alleged conduct that could have caused Broderick's injuries separate and independent from any conduct that would qualify as a sexual, criminal, or willful act. Therefore, the exclusions did not excuse AIX's duty to defend. We overrule AIX's third issue.

**Extracontractual Claim[8]**

In its fourth issue, AIX contends the trial court erred when it failed to grant its no-evidence motion for summary judgment on Shiwach's chapter 542 claim. Specifically, AIX argues (1) it is not subject to additional penalties under chapter 542 because it had no duty to defend, and (2) Shiwach's response to its no-evidence motion failed to raise a genuine issue of material fact.

Chapter 542, known as the Prompt Payment of Claims Act ("PPCA"), imposes penalties on insurers when they wrongfully refuse their defense obligations. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 19–20 (Tex. 2007). In addition to liability for the amount of the insured's loss, an insurer that wrongfully refuses its defense obligation must pay the insured 18% annual interest on the amount of the claim and reasonable attorney's fees. TEX. INS. CODE § 542.060.

Here, AIX's argument for reversal of the chapter 542 penalties awarded against it necessarily depends on reversal of the adverse summary judgment. Above, however, we determined AIX owed Shiwach a duty to defend. Instead of defending him, AIX twice refused its defense obligation and did not reimburse Shiwach. We therefore conclude AIX is liable under the PPCA.

We also reject AIX's contention that Shiwach's response to its no-evidence motion failed to raise a genuine issue of material fact. We review a no-evidence motion for summary judgment

---

[8] Shiwach's chapter 541 claims will not be addressed because, as discussed below, the trial court properly nonsuited them.

under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Under this standard, we ascertain whether the nonmovant produced more than a mere scintilla of probative evidence establishing the existence of a material fact on each challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a mere scintilla of evidence exists if the evidence rises to a level that would enable fair-minded people to differ in their conclusions. *King Ranch Inc.*, 118 S.W.3d at 751.

In response to AIX's no-evidence motion, Shiwach submitted (1) the Broderick Petition and the policy to establish AIX's duty to defend, and (2) AIX's denial letter, in which AIX admitted notice of the Broderick lawsuit, but otherwise denied its defense obligation. Because Shiwach produced evidence establishing as a matter of law AIX's duty to defend and its breach of that duty, we disagree with AIX's contention that Shiwach failed to present sufficient evidence in response to its no-evidence motion. We overrule AIX's fourth issue.

**Extrinsic Evidence**

In its fifth issue, AIX contends the trial court's admission of extrinsic evidence—the Broderick lawsuit's summary judgment order and related appellate opinion—was contrary to the eight-corners rule.

We review a trial court's decision to admit evidence for an abuse of discretion. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). But even when an abuse of discretion occurs, the harmless error rule requires reversal only if the error amounted to such a denial of the appellant's rights as was reasonably calculated to cause and probably did cause "the rendition of an improper judgment," or that error "probably prevented the appellant from

properly presenting the case [on appeal]." TEX. R. APP. P. 44.1(a); *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).

Pursuant to the eight-corners rule, extrinsic evidence is beyond a court's consideration. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). Although the Fifth Circuit and multiple intermediate appellate courts have expressly recognized a limited exception to this rule, permitting consideration of extrinsic evidence when relevant only to the coverage issue, the Texas Supreme Court and this Court have not yet done so. *Id*. at 309; *City of Dallas v. Csaszar*, No. 05-99-00208-CV, 1999 WL 1268076, at *7 n.2 (Tex. App.—Dallas 1999, pet. denied). Here, assuming—but not deciding—the extrinsic evidence should have been excluded, the trial court could find a duty to defend based on the Broderick Petition and policy alone. We therefore conclude that even if there was error, there was no harm. We overrule AIX's fifth issue.

**Nonsuit**

In its sixth issue, AIX contends the trial court erred when, after the summary judgment hearing, it allowed Shiwach to nonsuit his chapter 541 claims while a no-evidence motion for summary judgment relating to those claims was pending in the trial court.

In the summary judgment context, a plaintiff has the right to take nonsuit after a defendant files a motion for summary judgment, up to the time the court renders a decision. *Leon Springs Gas Co. v. Rest. Equip. Leasing Co.*, 961 S.W.2d 574, 577 (Tex. App.— San Antonio 1997, no pet.) (traditional summary judgment); *Pace Concerts, Ltd. v. Resendez*, 72 S.W.3d 700, 702 (Tex. App.— San Antonio 2002, pet. denied) (no-evidence summary judgment). "If the plaintiff asks for a non-suit at a time when he is entitled thereto, no further pleading or objection on the defendant's part can affect plaintiff's right to the non-suit." *Progressive Ins. Companies v. Hartman*, 788 S.W.2d 424, 426 (Tex. App.—Dallas 1990, no writ).

This right to nonsuit is absolute so long as the defendant has not asserted a claim for affirmative relief. *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990). To qualify as a claim for affirmative relief, a "defensive pleading must allege that the defendant has a cause of action independent of the plaintiff's claim, on which he could recover benefits, compensation, or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *Leon Springs Gas Co.*, 961 S.W.2d at 577. A request for attorney's fees qualifies as a request for affirmative relief when asserted with an independent claim for relief. *Pace Concerts*, 72 S.W.3d at 703-04 (claim for attorney's fees did not qualify as affirmative relief where it was based on a dependent counterclaim).

Here, AIX's answer alleged as affirmative defenses that various policy exclusions barred Shiwach's claims. In its prayer for relief, AIX also requested reasonable attorneys' fees for "responding to and defending the allegations raised against it." AIX, however, asserted no counterclaims. Because AIX's "affirmative defenses" and request for attorneys' fees were dependent on Shiwach's claims, we conclude it did not assert any claims for affirmative relief. In the absence of a claim for affirmative relief by AIX, Shiwach had an absolute right to nonsuit his chapter 541 claims up to the time the trial court issued a decision on the summary judgment motions. We overrule AIX's sixth issue.

**Attorneys' Fees**

Although not raised specifically in a discrete issue, AIX also challenges Shiwach's entitlement to his attorneys' fees. Based on our conclusion that AIX owed Shiwach a duty to defend, we also conclude the trial court correctly awarded Shiwach his attorneys' fees as set forth in the judgment.

**CONCLUSION**

We conclude the trial court properly granted summary judgment in Shiwach's favor. Shiwach's motion sufficiently identified the basis for the requested summary judgment and demonstrated potentially covered claims asserted by Broderick. Additionally, AIX failed to prove as a matter of law that any exclusion precluded its defense obligation. We also conclude the trial court's consideration of extrinsic evidence, if any, was harmless. Likewise, the trial court correctly entered judgment against AIX under chapter 542 and properly granted Shiwach nonsuit on his chapter 541 claims. We affirm the trial court's orders and judgment.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

181050F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AIX SPECIALTY INSURANCE
COMPANY, Appellant

No. 05-18-01050-CV  V.

RAJ SHIWACH, MD, Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-04268.
Opinion delivered by Chief Justice Burns.
Justices O'Neill and Rosenberg
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RAJ SHIWACH, MD recover his costs of this appeal from appellant AIX SPECIALTY INSURANCE COMPANY.

Judgment entered December 18, 2019