## CUESTA v. ROYAL INSURANCE COMPANY.

The action being upon an insurance policy insuring the person
to whom it was issued against " all direct loss or damage by
fire " on his store and office furniture and fixtures contained
in a certain building, and it appearing from the plaintiff's
evidence that after the building had been considerably injured
by fire they were permitted to remain therein until the build-
ing had been repaired by putting a new roof upon the same,
that after this was done the owner of the articles insured, by
his agent, resumed his business, and that they were subse-
quently injured or destroyed by the falling of the walls of the
building, this occurring some twenty-five days after the fire,
the trial judge did not on this state of facts err in holding that
the loss sustained by the plaintiff was not the proximate or
direct result of the fire, and was therefore right in granting a
nonsuit.

July 27, 1896.

Action on insurance policy.    Before Judge Berry.
City court of Atlanta.    November term, 1895.

*Marshall J. Clarke*, for plaintiff.
*King & Spalding*, for defendant.

SIMMONS, Chief Justice.

This was an action upon a policy of insurance, dated
March 24, 1893, which insured the plaintiff for one year
from that date against "all direct loss or damage by fire"
on his store and office furniture and fixtures contained in
the three-story brick tin-roof building, No. 2 Marietta
street, Atlanta, Ga.    At the conclusion of the evidence for
the plaintiff, the defendant moved for a nonsuit, upon the
ground that the loss complained of was not a direct loss by
fire.    The motion was sustained, and the plaintiff excepted.

It appears from the evidence, that the fire took place on
January 9, 1894, and that the loss was occasioned by the
falling of a wall of the building on February 3, 1894.    The
fire burned away the greater portion of the roof of the
building, and the wall which afterwards fell became very

wet from the water used in extinguishing the fire. An inspection of the walls from top to bottom was made soon after the fire, by builders acting as adjusters in behalf of the owner of the building and certain insurance companies, but no damage to the wall was discovered. The articles insured were allowed to remain in the building, and about two weeks after the fire the construction of a new roof was begun. Upon the completion of the repairs the plaintiff resumed business in the building. Between the time of the fire and the time the work on the roof was begun, there were several very heavy and protracted rains; and according to the testimony of the builder who had charge of the repairs, water from the rains poured down in a flood against the wall at the point where it afterwards gave way, and dammed up against it.

Under this state of facts there was no error in granting a nonsuit. In no case can a recovery be had upon an insurance policy for loss by fire unless it appears that the fire was the proximate cause of the loss; and in this instance the policy in terms limited the loss or damage insured against to "direct" loss or damage by fire. Such a loss may be occasioned by the falling of a wall in consequence of water being thrown upon it to extinguish a fire; but from the evidence before us, it would be impossible to say that in the present case this was the proximate, or, in any sense of the term, the "direct" cause of the loss. On the contrary, the evidence tends to show that the efficient and predominating cause was the pouring and damming up of the water against the wall from the heavy rains which fell subsequent to the fire. *Judgment affirmed.*

Cited for plaintiff: Code, §2799; Ostrander, Ins. 371; 34 La. Ann. 844; May, Ins. §404, 412; Biddle, Ins. 644.

Cited for defendant: California Ins. Co. *v.* Union Compress Co., 133 U. S. 389, 415, 416; *Williams* v. *Accident*

*Ass'n,* 91 *Ga.* 698; Gaskerth *v.* Ins. Co., 6 Ins. Law J. 159;. Ins. Co. *v.* Sherwood, 14 How. 356, 365.