## HANOVER FIRE INS. CO. v. NEWMAN'S Inc.

### No. 8923.

Circuit Court of Appeals, Fifth Circuit.

Dec. 28, 1939.

Rehearing Denied Jan. 29, 1940.

Dan MacDougald, of Atlanta, Ga., and G. Fred Kelley and Wm. P. Whelchel, both of Gainesville, Ga., for appellant.

A. C. Wheeler and E. D. Kenyon, both of Gainesville, Ga., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought this suit to recover on a policy of insurance covering damage to a stock of goods caused by leakage from a sprinkler system installed in its store in Gainesville, Georgia. The policy was originally for $7,500 but payment of a previous loss of $337.19 reduced it to $7,162.81, for which amount a verdict was rendered and judgment was entered thereon.

Error is assigned by appellant to the overruling of a motion for a directed verdict; to certain parts of the charge of the court; and to the refusal to give certain special charges. These assignments may be considered together.

The policy insured against all direct loss and damage to the stock by sprinkler leakage in the building. Sprinkler leakage is defined in the policy to mean "leakage or discharge of water or other substance from within the automatic sprinkler system resulting in loss or damage to property described herein." The automatic sprinkler system is defined to mean "automatic sprinkler heads, sprinkler pipes, valves, fittings, tanks, pumps and all private protection mains, connected with and/or constituting a part of the automatic sprinkler system." The policy also covered "direct loss or damage caused by collapse or fall of a tank or tanks, or the component parts or supports thereof, which form a part of the automatic sprinkler system." The policy excepted, among other things, loss or damage caused directly or indirectly by water from any source other than the automatic sprinkler system or by cyclone, tornado and windstorm. The policy further contained this clause: "Fall of Building Clause. If a building, or any material part thereof, falls except as the result of sprinkler leakage, all insurance by this policy on such building or its contents shall immediately cease."

The facts appearing from the record are these. On April 6, 1936, a tornado struck the town of Gainesville and many buildings were demolished, including the building in which appellee's store was located. The storm came early in the morning and increased in intensity for some time. It was followed by heavy rain. Prior to the storm the sprinkler system in plaintiff's store was in good condition. The testimony of two witnesses, who were in the store at the time the cyclone struck, tends to show they were knocked down by the force of the wind, coming through the open front door, and almost immediately water began falling upon them. At that time the rain had not begun, and no part of the building had fallen. There was no direct evidence to rebut this. After the building fell, part of the stock covered by the policy was blown away and part of it was damaged by rain, although appellee made efforts to protect it from damage by water, covering it so far as could be done, with oil cloth taken from the stock. In round figures, before the storm the value of the appellee's goods in the building was approximately $40,000 and the salvage value after the damage was approximately $2,200.

Appellant contends the cyclone was the proximate cause of the damage by disrupting the sprinkler system, causing it to leak, and recovery is barred by the exclusion of cyclone risk in the policy. It further contends the amount of damage caused by sprinkler leakage was not shown.

The court left it to the jury to find whether any part of the building fell before the sprinkler leakage occurred and to fix the amount of damage caused by sprinkler leakage as distinguished from damage caused

by wind and rain. Interpreting the contract, the court, in substance, charged the jury that if any part of the building fell before the sprinkler leakage occurred their verdict should be for defendant but if sprinkler leakage damaged plaintiff's goods before that, plaintiff could recover, regardless of what caused the sprinkler system to leak.

■ If the policy had excepted damage by sprinkler leakage caused by cyclone, a different question would be presented. Under the plain provisions of the contract damage caused by cyclone and damage caused by sprinkler leakage are separate and distinct risks. The policy does not exclude damage from sprinkler leakage caused by extraneous force. Assuming the sprinkler leakage was caused by the cyclone, that would not prevent recovery. Maryland Casualty Co. v. Razook, 5 Cir., 24 F.2d 160.

■ Though the building was demolished by a cyclone the immediate termination of the policy under the fall of building clause was a condition that would not prevent recovery for loss covered by the policy that had previously occurred. Up to the moment part of the building fell the policy was in force.

■ We concur in the interpretation of the policy by the District Court and find substantial evidence in the record tending to support the verdict. Other errors assigned are without merit and require no discussion.

The record presents no reversible error. The judgment is affirmed.