**David L. OVBEY and Nora G. Ovbey, Plaintiffs,**

v.

**CONTINENTAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. C84–1617A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 25, 1985.

H. Sanders Carter, Jr., Carter, Ansley, Smith & McLendon, Atlanta, Ga., for plaintiffs.

Clayton H. Farnham, Drew, Eckl & Farnham, Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This action, for breach of an insurance contract, is before the court on cross motions for summary judgment. The defendant contends that the cause of the foundation wall collapsing on plaintiff's house was the result of either a latent defect or of water pressure below ground exerted on the foundation wall, both of which are excluded risks from the policy. The plaintiff has moved for summary judgment that the cause of the foundation wall collapse was

---

1. This amount represents 46.25 hours times $60.00. The itemization submitted by plaintiff's attorney contained a total of 63.50 hours. However, 17.25 of these hours represented the time representing plaintiff at the administrative level (after and including May 9, 1984). As discussed in the text, fees for such legal services are committed to the discretion of the Secretary and plaintiff's counsel has advised this court that he has been awarded $900.00 for his work before the Secretary.

covered, and did not fall within any of the exclusions.

The undisputed facts of the case establish that the wall collapsed due to hydrostatic pressure on the foundation wall, aggravated by inadequate wall strength. Tarbutton Affidavit; Paul Deposition; Paul Affidavit. The undisputed facts also indicate that the water which accumulated in the ground next to the foundation wall of the house was present for several reasons: improper soil compacting; an unfinished sodding project in the yard which directed rainfall from a recent storm toward that point of the foundation; improper yard drainage, in that the yard sloped toward the house instead of away; drainage from the road up a hill from the house; and the lack or inadequacy of a foundation drain in the house. Paul Deposition.

The issue before the court on these cross motions for summary judgment is whether the "cause" of the wall's collapse was excluded by the terms of this policy or not. The defendant has pointed to two policy exclusions which it alleges preclude plaintiff's recovery in this case. First, the policy excludes any physical loss or damage which results from latent defect. Second, the policy excludes losses which are caused, directly or indirectly, by "water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a ... foundation."[1] Plaintiffs do not dispute that the expert testimony in this case demonstrates that the reason the wall failed was hydrostatic pressure on the foundation. According to Jeffrey Tarbutton,

... the wall failed as a result of excess lateral pressure on the wall due to the loads imposed by the back-fill adjacent to the wall. These loads were the direct result of saturation and movement of the soil which had been placed against the wall when it was constructed. Tarbutton Affidavit.

David Paul, the other expert, testified that "... the immediate reason for the collapse of the basement wall at the ... Ovbey residence ... was hydrostatic pressure" from the uncompacted saturated soil immediately exterior to the wall. Paul Affidavit. Paul further testified that although the sodding project on the front lawn could have aggravated the situation, he could not say that without the sodding project the collapse would not have occurred, "since the primary cause for the collapse was the construction of the soil immediately adjacent to the wall." He further testified that although the county road-grading up the hill from the house may have increased the water run-off toward the foundation wall, it was improbable that this caused the collapse of the wall.

■ In order for the defendant to demonstrate that the cause of the collapse of plaintiffs' home is not covered by the insurance policy, defendant must demonstrate that the "cause," whether direct or indirect, of the collapse was an excludable risk. In determining whether an excludable risk is the cause of damage, the question is whether the proximate, dominant, and efficient cause of the loss is an excluded risk.

---

1. Plaintiff argues in support of the motion for summary judgment that the fact that this exclusion falls under the general category of "water damage" means that the exclusion applies only to the chemical effects of water, such as rusting or staining, and not the kinetic effects, such as hydrostatic pressure. In support of this contention, plaintiff cites *Peach State Uniform Service, Inc. v. American Insurance Co.*, 507 F.2d 996 (5th Cir.1975). The *Peach State* case is distinguishable. The clause at issue in that case excluded "water damage caused by ... water below the surface below the ground, including that which exerts pressure on ... foundation walls ...." The court held that in order to give the phrase "water damage" meaning, the court must construe the policy to mean only damage which comes from the nature of water itself, meaning chemical effects, rather than kinetic effects, because if the insurance company had meant kinetic effects, it would have just said "damage caused by" water pressure on the foundation. The clause at issue in the present case says that the insurance company excludes coverage for "losses caused by" water pressure on the foundation. The clause clearly and unambiguously falls outside the definition imposed in *Peach State*, and indeed appears to have been drafted with *Peach State* in mind.

728

*Cuesta v. Royal Insurance Co.*, 98 Ga. 720, 27 S.E. 172 (1896).[2]

■ The case before the court is interesting, in that what happened was that there were five reasons water built up next to the home. Of those five, it appears that three of them were latent defects in the house, and hence excluded under the policy. These three are the improper soil compacting, the inadequate yard drainage, and the absence or inadequacy of a foundation drain. The other two causes for the water build-up, the incomplete sodding project and the county road work up the hill from the house are, arguably, covered risks under the policy. If plaintiff were seeking to recover for a build-up of water, defendant's motion for summary judgment would have to be denied, since there is evidence from which the jury could find that a covered risk was the "but for" causative agent for the build-up of water. The loss which plaintiffs suffered, however, is not the build-up of water. Rather, it is the collapse of the wall in the house, which was caused directly and immediately, according to the undisputed expert testimony in this case, by water pressure from below the surface of the ground. The policy exclusion in this case says that damage which results directly or indirectly from water below the surface of the ground exerting pressure on a foundation wall is excluded. Use of the word "direct" in this context is construed to mean "immediate" or "proximate" as distinguished from "remote." 10A *Couch on Insurance 2d* § 42:650, p. 690 (1982). There is expert testimony in this case that the "immediate" cause of the collapse of the wall in plaintiff's house was water pressure from below the surface of the ground. Paul Affidavit.

Those elements which plaintiffs point to as being covered risks, in support of plaintiffs' motion for summary judgment, may properly be termed as antecedent contributing circumstances. Once again, Couch's

treatise on insurance law provides useful guidance:

> An antecedent contributing circumstance is generally ignored in determining the proximate cause [of a loss]. That is to say, a situation which merely sets the stage for the later event is not regarded as being the proximate cause merely because it made possible the subsequent loss. For example, the explosion of gas, and not the lighting of a match, is the proximate cause of a loss, where the explosion is caused by the lighting of a match in a room filled with gas.

18 *Couch on Insurance 2d* § 74:717 p. 1024 (1982). That example seems to the court to be particularly apposite to the case at bar. The causes of the water build-up, i.e. the improper soil compacting, the sodding project, the inadequate yard drainage, the road drainage, and the inadequate foundation drain, all set the stage for the collapse of the basement wall. They are equivalent to lighting the match. What caused the damage, however, was the pressure of the water against the basement wall, just as the cause of the damage in Couch's example was the explosion of the gas, and not the lighting of the match. A rather old Fifth Circuit case applying Georgia law illustrates the obverse of this principle. In *Hanover Fire Insurance v. Newman's, Inc.*, 108 F.2d 561 (5th Cir.1939), *cert. denied*, 309 U.S. 680, 60 S.Ct. 718, 84 L.Ed. 1024 (1940), the insured was covered against damage from sprinkler leakage, but the policy excluded damage resulting from a cyclone. A cyclone caused the sprinkler to leak. When the case reached the Fifth Circuit, the court noted that the damage was the result of the sprinkler leaking, and not the fact that the sprinkler was made to leak by the cyclone. Therefore, the court concluded that the loss was covered by the sprinkler leakage policy, and not excluded by the cyclone exclusion. That is similar to the case at bar, where it does not matter what made the water build

**2.** *But see National Hills Shopping Center v. Insurance Company of North America,* 308 F.Supp. 248 (S.D.Ga.1970). In *National Hills,* a wind storm policy was at issue, and Judge Lawrence of the Southern District held that the issue was whether the damage would have occurred in the absence of a wind storm.

up, the fact is that it was the pressure of the water which caused the basement wall to collapse. That is clearly excluded by the terms of this policy, such that it is unnecessary for the court to apply principles of contract construction which dictate that ambiguities in an insurance contract are construed against the insurer. *See, e.g., Broome v. Allstate Insurance Co.*, 144 Ga. App. 318, 241 S.E.2d 34 (1977).

For the foregoing reasons, the court concludes that the undisputed facts of this case demonstrate that the proximate, dominant, and efficient cause of plaintiffs' loss was pressure from water below the ground on a foundation wall of the house. That falls clearly within an exclusion in this policy, and therefore defendants' motion for summary judgment is GRANTED, and plaintiffs' motion for summary judgment is DENIED. The court notes defendants' motion to amend the answer, filed March 21, 1985, has been withdrawn.