PACCAR FINANCIAL
CORP., Appellant

v.

Cynthia M. POTTER and Leon
Potter, Appellees.

No. 05–05–00403–CV.

Court of Appeals of Texas,
Dallas.

Oct. 31, 2007.

Rehearing Overruled Dec. 12, 2007.

880

Carl David Adams, Law Offices of Carl David Adams, Dallas, TX, for Appellant.

James Brendan Carroll III, Law Offices of James B. Carroll, III, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MOSELEY.

Texas law provides that if a corporation's corporate privileges are forfeited for the failure to file a franchise tax report or pay a tax or penalty, "each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived." TEX. TAX CODE ANN. § 171.255(a) (Vernon 2002). The issue we must decide is whether this statutory liability extends to persons who were directors at the time the franchise tax report was due but who resigned as directors before the corporate debt was created or incurred. Because we conclude the statutory liability does not extend to such former directors, we affirm the summary judgment entered in their favor.

### I. BACKGROUND

Cynthia and Leon Potter were officers and directors of U.S. Corporate Accounting, Inc., a Texas corporation ("U.S.Corporate"). In 2001, they sold the corporation to Carlito Tartt and resigned as officers and directors. Several months later, PACCAR hired U.S. Corporate to collect certain delinquent accounts. PACCAR had no dealings with the Potters or knowledge of their prior relationship with U.S. Corporate when it hired the company.

PACCAR later sued U.S. Corporate, Tartt, and the Potters for breach of contract, breach of fiduciary duty, and misappropriation of fiduciary funds arising out of the contract to collect the delinquent accounts. PACCAR sued the Potters based on section 171.255 of the tax code. *See* TEX. TAX CODE ANN. § 171.255(a).

PACCAR and the Potters stipulated to several facts and filed cross-motions for summary judgment on the issue of the Potters' potential liability under the tax code provision.[1] According to the stipulations, the Potters were directors and shareholders of U.S. Corporate when its initial franchise tax return, due on June 21, 2001, was not filed and became delinquent on June 22, 2001. As part of the Potters' sale of their stock in U.S. Corporate to Tartt, they resigned as directors on June 25, 2001. On October 16, 2001, U.S. Corporate forfeited its corporate privileges for failure to file the franchise tax return. On March 13, 2002, PACCAR hired U.S. Corporate to perform collection work. U.S. Corporate's corporate charter was forfeited on March 22, 2002 for failure to timely file its franchise tax return.[2]

PACCAR argued the Potters were liable for the debt because they were directors of U.S. Corporate when the franchise tax return was due and not filed. The Potters contended they were not liable under the tax code provision because they were not directors of U.S. Corporate at the time the debt to PACCAR was created or incurred. The trial court granted the Potters' motion for summary judgment, denied PACCAR's motion, and rendered a partial summary judgment that PACCAR take nothing against the Potters.[3]

In two issues, PACCAR argues the trial court erred in granting the Potters' motion for summary judgment and in denying its own motion for summary judgment.

## II. DISCUSSION

### A. Standard of Review

■ The standards for reviewing summary judgments are well established, and we follow them in reviewing this appeal. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985) (summary judgment standards of review). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). When the trial court grants one motion and denies the other, we review the summary judgment evidence pre-

---

1. The motions were filed in Tartt's bankruptcy proceeding after the case was removed to bankruptcy court. The bankruptcy court remanded the case to state court before ruling on the cross-motions for summary judgment. The parties to this appeal then agreed to submit the motions and supporting documents filed in the bankruptcy court to the state court for a ruling as if they had been filed under the Texas Rules of Civil Procedure.

2. The parties also stipulated that the Potters did not acquaint themselves with the affairs of U.S. Corporate after they resigned as directors and had no knowledge of the transactions with PACCAR. Similarly, PACCAR had no knowledge of the Potters or their previous relationship with U.S. Corporate. Because they did not know about the business dealings between U.S. Corporate and PACCAR, the Potters did not object to those dealings or the contract, but would have objected had they had such knowledge.

3. The case proceeded to trial and a final judgment for damages was rendered in favor of PACCAR against U.S. Corporate and Tartt. Only the summary judgment granted in favor of the Potters is before us in this appeal. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (interlocutory judgment merges into final judgment and becomes final for purposes of appeal).

sented by both parties and determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered or reverse and remand if neither party has met its summary judgment burden. *Id.; Al's Formal Wear of Houston, Inc. v. Sun,* 869 S.W.2d 442, 444 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

## B. Section 171.255

If the corporate privileges of a corporation are forfeited for the failure to file a franchise tax report or pay a tax or penalty, "each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived." TEX. TAX CODE ANN. § 171.255(a). This liability is subject to two affirmative defenses:

> (c) A director or officer is not liable for a debt of the corporation if the director or officer shows that the debt was created or incurred:
>
> > (1) over the director's objection; or
> >
> > (2) without the director's knowledge and that the exercise of reasonable diligence to become acquainted with the affairs of the corporation would not have revealed the intention to create the debt.

*Id.* § 171.255(c).

■ In construing or applying a statute, our primary goal is to ascertain the legislative intent behind the statute and to interpret or apply the statute so as to give effect to that intent. *See Computek Computer & Office Supplies, Inc. v. Walton,* 156 S.W.3d 217, 223–24 (Tex.App.-Dallas 2005, no pet.). The intent is determined by looking to the plain and common meaning of the words used. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999). Whether or not the statute is considered ambiguous, we may consider several matters in construing a statute, including: the object sought to be attained; the legislative history; the common law or former statutory provisions; and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005) (Code Construction Act). Section 171.255 is penal in nature and should be "strictly construed to protect those individuals against whom liability is sought." *Rogers v. Adler,* 696 S.W.2d 674, 677 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); *see also Williams v. Adams,* 74 S.W.3d 437, 440 (Tex.App.-Corpus Christi 2002, pet. denied).

## C. Analysis—Statutory Liability

■ PACCAR argues the Potters are liable because under section 171.255(a) each director and officer on the date the franchise report becomes delinquent is individually liable as a matter of law for all debts of the corporation created or incurred in Texas after that date and before the date corporate privileges are revived. "Each director," the argument goes, cannot mean less than the entire class of persons occupying that position at any time after the franchise tax report was due and before privileges were revived. Thus, PACCAR asserts, mere resignation of the director after the due date but before the creation of the debt does not shield the director from liability under the statute.

The Potters argue the liability statute does not apply to them at all because they were not directors of the corporation when the debt was created or incurred. Thus, they assert subsection 171.255(a) does not apply to persons who were *former* officers and directors at the time debt was created. In effect, they argue that once the corporation's privileges are forfeited, the personal liability of directors and officers extends only to debts created or incurred

after the date the report or payment was due and attaches only to those directors and officers in office at the time the debt is created or incurred. The subsection (c) affirmative defenses provide some support for this argument. Section 171.255(c)(1) provides a defense to a director who objects to the creation of the debt. TEX. TAX CODE ANN. § 171.255(c)(1). Only directors and officers serving at the time would be entitled to object to the creation of the debt, indicating that liability is to be determined at the time the debt is created.

■ The language of the statute is concerned with the creation or incursion of debts by the corporation after the franchise report is delinquent. *See* TEX. TAX CODE ANN. § 171.255(a) (director or officer liable for *"each debt of the corporation that is created or incurred"* after the date on which the report, tax, or penalty is due); *id.* § 171.255(c) (director or officer not liable if they show *"debt was created or incurred ..."*). It is the act of creating or incurring a debt when the franchise report is delinquent that triggers personal liability once the corporate privileges are forfeited. *Id.* § 171.255(a). If no debts are created or incurred after the delinquency, there is no personal liability. Therefore, the date the corporate debt is created or incurred is crucial. We conclude the legislature intended that personal liability attaches only to those directors and officers "of the corporation" at the time the debt is created or incurred. *Id.* These directors and officers have abused the corporate privilege by continuing to create and incur debts after the franchise tax is delinquent (ultimately leading to forfeiture of those privileges) and are, therefore, "culpable." *See Schwab v. Schlumberger Well Surveying Corp.*, 145 Tex. 379, 383, 198 S.W.2d 79, 81 (1946) (prior version of statute intended to "prevent wrongful acts of culpable officers of corporation"); *see also First Nat'l Bank of Boston v. Silberstein*, 398 S.W.2d 914, 916 (Tex.1966) ("[P]ersonal liability is determined by the acts of [the directors and officers] in consenting to and approving the debts of the corporation where knowledge of their creation is shown to have come to them in the regular course of business of the corporation.").

We also consider the history of the statute. Prior to 1977, the statute required the plaintiff to prove the debt was created or incurred with the "knowledge, approval and consent" of the officer or director.[4] *See Williams*, 74 S.W.3d at 442 (citing prior versions of statute). This did not require the director's contemporaneous knowledge of the creation of the debt or personal involvement in the transaction; it required that knowledge come to the director in the regular course of business in such a way that the director had the opportunity to avoid personal liability by disapproving or disavowing the debt. *See Silberstein*, 398 S.W.2d at 916 (debt created or incurred with knowledge, approval, and consent of officers and directors where they received invoices for purchases by local store manager after delivery of goods and no indication they did not consent to or approve of debts). It would have been difficult, if not impossible, to prove that a debt was created with the knowledge, approval, and consent of a director who resigned before the debt was created.

In 1977, the statute was amended to shift the burden of proof to the officer or director to avoid liability by showing "the debt was created (1) over his objection, or (2) without his knowledge, if the exercise of reasonable diligence to acquaint himself with the affairs of the corporation would

4. *See* Act of May 24, 1969, 61st Leg., R.S., ch. 801, § 11, 1969 Tex. Gen. Laws 2366, 2372, *amended by* Act of May 25, 1977, 65th Leg., R.S., ch. 671, § 1, 1977 Tex. Gen. Laws 1692.

not have revealed the intention to create the debt."[5] The legislative history indicates the amendment was intended to shift "the burden of proof to the directors and officers who must show that they *could not have reasonably known of such a debt* before they can escape liability." House Study Group, Bill Analysis, H.B. 1860, 65th Leg., R.S. (1977) (emphasis added); *see also Jonnet v. State,* 877 S.W.2d 520, 531 (Tex.App.-Austin 1994, writ denied) (Jones, J., dissenting). Thus, the amended statute still referred to the same type of debts as before, i.e. "debts that *could have been created* with the officer or director's 'knowledge, approval and consent.' " *Williams,* 74 S.W.3d at 443. A corporate debt could be created with a director's knowledge, approval, and consent only if the person was a director at the time the debt was created. *See* Tex. Bus. Orgs.Code Ann. §§ 21.413, 21.415 (Vernon 2007) (majority of directors set by articles of incorporation or bylaws constitute quorum for transaction of business and act of majority of directors at meeting with quorum present shall be act of board of directors).

The 1977 amendment also made directors and officers liable for corporate debts created or incurred after the franchise report or payment became due instead of debts created or incurred after forfeiture of the right to do business.[6] However, there is no indication of an intent to establish personal liability on persons who were not directors or officers of the corporation at the time the debt was created or incurred.

PACCAR cites two cases as involving the liability of "former" officers or directors, but in both cases it is clear the officer or director at issue maintained that position at all material times. *See State v. Triax Oil & Gas, Inc.,* 966 S.W.2d 123, 125 (Tex.App.-Austin 1998, no pet.) (stating defendants were officers and directors of the corporation "[a]t all times material to this suit"); *Skrepnek v. Shearson Lehman Bros., Inc.,* 889 S.W.2d 578, 582 (Tex.App.-Houston [14th Dist.] 1994, no writ) (officer did not dispute that he was an officer of the corporation). Thus, neither decision directly supports PACCAR's arguments about the statute's applicability to persons who were directors when the franchise tax report became due, but who resigned before the debt was created or incurred.

Finally, section 171.255 should be strictly construed so as not to extend it beyond the clear meaning of its language. *See Schwab,* 198 S.W.2d at 81. A strict construction would limit the liability imposed by section 171.255 to those directors and officers who create or incur corporate debts after the franchise report is delinquent. *See Rogers,* 696 S.W.2d at 677; *see also Williams,* 74 S.W.3d at 440. We conclude the statute should be limited to those directors and officers of the corporation at the time the debt is created or incurred.

Here, it was stipulated that the Potters were not directors of the corporation at the time the corporate debt was created or incurred. We conclude the trial court did not err in granting summary judgment for the Potters.

### III. Conclusion

We reject PACCAR's issues and affirm the trial court's summary judgment.

5. Act of May 25, 1977, 65th Leg., R.S., ch. 671, § 1, 1977 Tex. Gen. Laws 1692, 1692–93 (repealed 1981) (current version at Tex. Tax Code Ann. § 171.255).

6. Act of May 25, 1977, 65th Leg., R.S., ch. 671, § 1, 1977 Tex. Gen. Laws 1692, 1692–93.