**FEDERAL INSURANCE COMPANY,**
Appellant,

v.

**EVEREST NATIONAL INSURANCE
COMPANY, Appellee.**

No. 05–06–01144–CV.

Court of Appeals of Texas,
Dallas.

April 15, 2008.

Rehearing Overruled July 28, 2008.

Thomas L. Woodman, Gregory Dillard, Michael C. Wright and David Fowler Johnson, Winstead, Sechrest & Minick P.C., Fort Worth, TX, for Appellant.

John M. Cox and Richard A. Harwell, John M. Cox & Associates, P.C., Dallas, TX, for Appellee.

Before Justices O'NEILL, RICHTER and LANG.

## OPINION

Opinion by Justice O'NEILL.

This case involves the allocation of liability between two insurance companies with a common insured. Federal Insurance Company ("Federal") issued an insurance policy to River Run Townhomes Owners, Inc., a homeowner's association ("HOA"), covering claims against the HOA's directors and officers. Everest National Insurance Company ("Everest") insured the HOA under a commercial general liability policy. After a lawsuit by several homeowners against the HOA ("HOA Suit") was settled, Everest sought a declaration of its rights to recover a portion of its costs of settlement and attorney's fees from Federal. Both insurance companies moved for summary judgment. The trial court first granted Federal summary judgment and denied Everest's motion. In response to Everest's motion to reconsider, however, the trial court reversed itself denying Federal's motion and granting summary judgment on all claims to Everest.

Federal raises five issues on appeal. Its first two issues relate to the granting of Everest's summary judgment motion and the denial of its own motion. Federal's third, fourth and fifth issues complain about the evidence supporting the trial court's award of attorney's fees to Everest. For the reasons set forth below, we reverse the trial court's summary judgment for Everest, render summary judgment for Federal and remand this case to the trial court for further proceedings to determine the amount of attorney's fees to be awarded to Federal.

## Background

The HOA obtained two insurance policies. The first policy (the "Everest Policy") was issued by Everest and entitled a Commercial General Liability Policy with a general aggregate limit of liability of $2,000,000. The Everest Policy states that it is primary insurance unless specific risks[1], not relevant in this dispute, are

---

1. The Everest Policy states the insurance is primary except when there is "other insurance, whether primary, excess, contingent ... [covering] ... Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work"; ... Fire insurance

involved and "[Everest's] obligations are not affected unless any of the other insurance is also primary." If the "other insurance" is primary and "permits contribution by equal shares," the Everest Policy provides "each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first." The Everest Policy expressly covers "those sums that the [HOA] becomes legally obligated to pay as damages because of . . . property damage." Everest does not dispute that the loss established in settlement of the underlying HOA Suit was covered by its policy.

Federal issued the HOA's second policy (the "Federal Policy") to cover claims against the HOA [2] "from any Loss the Insured becomes legally obligated to pay on account of a claim . . . for a Wrongful Act" which is defined to be:

> any error, misstatement or misleading statement, act or omission, or neglect or breach of duty committed, attempted or allegedly committed or attempted by any Insured individually or otherwise, in

the discharge of his duties to the [HOA], or any matter claimed against him solely by reason of his serving in such capacity. Section 3.1(C) of the Federal Policy expressly excludes coverage for any Loss based upon, arising from, or in consequence of any Construction Defect [3], Specified Peril [4], or any other type of Property Damage [5].

The Federal Policy also provides

> [i]f any Loss arising from any claim made against the Insured is insured under any other valid policy(ies), prior or current, then [the Federal Policy] shall cover such Loss, subject to its limitations, conditions, provisions, and other terms, *only to the extent that the amount of such Loss is in excess of the amount of such other insurance* whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the limits provided in [the Federal Policy] (emphasis added).

During the period when both policies were in place, several homeowners sued

---

for premises rented to you; or . . . [i]f the loss arises out of the maintenance or use of aircraft, "autos" or watercraft. . . ."

**2.** The Insured is defined in Section 8.1 of the Federal Policy ("Definitions") as "the [HOA] and any person who has been, now is, or shall become a duly elected director or trustee, a duly elected or appointed officer, an employee or committee member . . . and any members of the [HOA] acting at the direction of the board of directors of the [HOA] in a voluntary capacity."

**3.** The Definitions state that "Construction Defect means any alleged or actual defective, faulty or delayed construction or any other matter recognized as a construction defect under applicable common or statutory law, whether or not as the result of (i) faulty or incorrect design or architectural plans, (ii) improper soil testing, (iii) inadequate or insufficient protection from subsoil or earth movement or subsidence, (iv) the construction,

manufacture or assembly of any tangible property, (v) the failure to provide construction-related goods or services as represented or to pay for such goods or services, or (vi) the supervision of such activities."

**4.** "Specified Peril means aircraft or self propelled missiles; explosion; fire or lightening; flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, even if driven by wind; hail; leakage from fire equipment, mechanical breakdown; smoke; soil, subsoil or earth movement or subsidence, whether by earthquake, landslide, mudslide, volcanic eruption or other natural or man-made causes; or wind."

**5.** "Property Damage means (i) the damage to or destruction of any tangible property, or (ii) the loss of use of tangible property whether or not such property is damaged or destroyed."

the HOA for its failure to pay for repairs to the foundation of the building containing their town homes. The homeowners alleged that the HOA's nonpayment[6] constituted a misrepresentation because they "were promised that the [HOA] would ensure that the common areas would be kept up so that the property values of the units would increase in value."

Upon tender of the HOA Suit, Federal sent the HOA a reservation of rights letter. Federal also provided an initial defense. Everest thereafter accepted defense of the HOA Suit as the primary insurer and provided and paid for the HOA's defense. Federal subsequently concluded the suit was not a covered loss under its policy. The HOA Suit ultimately settled with Everest paying $125,000. Based upon its finding of no coverage and its lawyer's conclusion that the HOA's potential liability was unclear, Federal contributed only $25,000 to the settlement.

After the HOA Suit settled, both insurance companies sought declaratory judgments to determine what, if any, amount of money Federal owed Everest for the defense Everest provided to the HOA and for its settlement costs. The lawsuit Everest filed in federal court was dismissed voluntarily. Both insurers then moved for summary judgment under Texas Rule of Civil Procedure 166a(c) in this case. Federal's motion asked for summary judgment on all claims asserted by both parties except the amount of attorney's fees it would recover as the prevailing party. Everest moved for summary judgment on all claims including its request for attorney's fees under the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM.CODE ANN.

§§ 37.001–37.011 (Vernon 1997 & Supp. 2007).

On March 4, 2005, the trial court granted Federal's motion and denied Everest's motion for summary judgment. In rendering its decision, the trial court determined:

> The Federal Policy excludes coverage for claims arising out of construction defects, property damages and specific perils and contains an "excess" insurance clause. The Everest policy contains an "other insurance" clause they contend forms the basis of their claim of indemnity ... These policies cover different risks and therefore the only duty Federal would have would be to defend the claims brought and would have a duty to share the costs of defense. However the claims in the underlying suit arose out of construction defects on the property which was referenced in the settlement agreement. Such risk was excluded under the Federal policy.

Six months later, the court reversed itself and entered summary judgment for Everest. The second order did not specify any basis for the court's decision. It was incorporated into a final judgment awarding Everest damages of $112,709.00, prejudgment interest of $25,039.09, and attorney's fees of $75,206.50.

## Standard Of Review

The standards for reviewing summary judgments are well established, and we follow them in reviewing this appeal. *PACCAR Fin. Corp. v. Potter*, 239 S.W.3d 879, 881–82 (Tex.App.–Dallas 2007, no pet.) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985) (summary judgment standards of review)). When

---

**6.** Once foundation damage was found, the HOA noticed and held a meeting where its members considered a proposal to fund a repair. At the meeting, the HOA members did not approve the funding of the repair and the owners living in damaged building were not assured of reimbursement if they made the repair.

both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Id.* (citing *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex.2000)). If the trial court grants one motion and denies the other, the non-prevailing party may appeal the granting of the prevailing party's motion as well as the denial of its own motion. *Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996). When the appellant raises issues as to both motions, we review the summary judgment evidence presented by both parties and determine all questions presented. *PAC-CAR Fin. Corp.,* 239 S.W.3d at 881–82. The reviewing court should render the judgment that the trial court should have rendered. *Id.; Summit Custom Homes, Inc. v. Great Am. Lloyds Ins. Co.,* 202 S.W.3d 823, 826–27 (Tex.App.-Dallas 2006, pet. filed); *Al's Formal Wear of Houston, Inc. v. Sun,* 869 S.W.2d 442, 444 (Tex. App.-Houston [1st Dist.] 1993, writ denied).

When the trial court does not specify the basis for its ruling, it is the appellant's burden on appeal to show that each of the independent grounds asserted in support of summary judgment is insufficient to support the judgment. *Summit Custom Homes, Inc.,* 202 S.W.3d at 827 (citing *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995)); *Caldwell v. Curioni,* 125 S.W.3d 784, 789 (Tex.App.-Dallas 2004, pet. denied). We will affirm the judgment if any of the theories advanced are meritorious. *Summit Custom Homes, Inc.,* 202 S.W.3d at 827 (citing *Carr v. Brasher,* 776 S.W.2d 567, 567 (Tex.1989)).

## Discussion

 In its first two issues, Federal asks us to consider whether the trial court erred when it granted Everest summary judgment and denied its own motion. Both parties sought summary judgment regarding what amount of money, if any, Federal should reimburse Everest for providing the HOA's defense in the underlying case and funding most of the settlement costs. There is no claim of the HOA before us.

Everest contends its right to reimbursement arises from its entitlement to "equitable subrogation and contribution." Although lumped together by Everest, equitable subrogation and contribution are distinct doctrines. Because the second order does not specify which theory of recovery supports summary judgment, we must address both. However, as distinct doctrines, we will discuss them separately.

### A. Equitable Subrogation

 Equitable subrogation permits actions between carriers where an insurer paying a loss under a policy becomes equitably subrogated to any cause of action the insured may have against a third party who is responsible for the loss, such as another insurance company that mishandles the insured's claim. *Am. Centennial Ins. Co. v. Canal Ins. Co.,* 843 S.W.2d 480, 483 (Tex.1992) ("[W]e hold that an excess carrier may bring an equitable subrogation action against the primary carrier . . . . [but] . . . we decline at this time to permit a direct action."). Since Texas law does not recognize a direct cause of action between carriers, a subrogated insurer must sue on subrogated rights it has expressly obtained from its insured.[7] *Royal Ins. Co.*

---

7. Everest has no implied right of reimbursement from its insured, the HOA. *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.,* 246 S.W.3d 42, 43– 44 (Tex.2008); see also *Texas Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County,* 52 S.W.3d 128, 133 (Tex.2000) (Texas Supreme Court declined to recognize

of Am. v. Caliber One Indem. Co., 465 F.3d 614, 625 (5th Cir.2006)(applying Texas law). To determine if Everest is entitled to any reimbursement arising from equitable subrogation, we must first consider whether the HOA had any claims against Federal. Specifically, did Federal have a duty to defend the HOA in the underlying lawsuit?

■ To determine if Federal owed a duty to defend to the HOA, we use the eight-corners or complaint-allegation rule whereby an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations. *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex.2006). The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant. *GuideOne Elite Ins. Co.*, 197 S.W.3d at 308 (citing *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)).

■ The homeowners in the HOA Suit specifically alleged:

Prior to purchasing these units, [HOA]'s agents made a number of representations to the plaintiffs about the units, the complex and the [HOA]. The plaintiffs were told that they—along with all other unit owners—would be required to pay a common assessment, or maintenance dues, to the [HOA] each month. Plaintiffs were promised that these maintenance dues would be pooled together and would be used to repair and upkeep the common elements or common areas.

Plaintiffs were promised that the [HOA] would ensure that the common areas would be kept up so that property values of the units would increase in value. Based on these and other representations, Plaintiffs agreed to purchase the units and agreed to pay the common assessments.

Plaintiffs have now discovered that the [HOA]'s promises and representations were not only false but were misleading. The foundation of the 1000 Building needs major repairs. The general common elements include all of the foundations. The [HOA] has hired an expert who has admitted that the foundation needs to be fixed. However, the [HOA] has failed to authorize or pay for the repairs needed to the foundation. The market value of the plaintiff's units have dropped significantly.

No other allegations were made against the HOA in the underlying suit. The sole basis for the underlying dispute is alleged damage to the foundation of one of the property's buildings ("Building 1000"). It is well-settled that general rules of contract construction apply to the interpretation and construction of insurance policies. *Underwriters at Lloyd's of London v. Gilbert Texas Constr., L.P.*, 245 S.W.3d 29, 33 (Tex.App.-Dallas 2007, no pet. h.) (citing *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex.2003)). If a policy as written can be given definite and certain legal meaning, it is unambiguous as a matter of law. *Id.*

The Federal Policy expressly excludes coverage for any Loss based upon, arising from, or in consequence of any Property Damage[8] including any Construction De-

---

an implied-in-fact, implied-in-law or equitable subrogation right outside of the insurance policy provisions.).

8. Definition of Property Damage, *supra*, note 5.

fect[9]. Any damage to the Building 1000's foundation would be a loss arising from either a Construction Defect or Property Damage as defined in the Definitions contained in the Federal Policy. "[W]hen terms are defined in an insurance policy, those terms control." *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex.1997). Texas court are directed to interpret the phrase "arise out of" as requiring only a "but-for" causal relationship between the claim and the events excluded by the policy. *Utica Nat. Ins. Co. of Texas v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex.2004). Here, but for the alleged foundation damage, there would be no HOA Suit. Thus, under the eight-corners rule, damage to Building 1000's foundation was an excluded loss and Federal had no duty to defend the HOA. *GuideOne Elite Ins. Co.*, 197 S.W.3d at 308. Because the HOA Suit is an excluded loss not covered by the Federal Policy, Federal is not obligated to pay any of the settlement or defense costs. *Am Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex.1994) ("An insurer has no duty to settle a claim that is not covered under its policy."). If the HOA has no cause of action, Everest can have no subrogated claim against Federal. Thus, Everest's equitable subrogation theory fails.

### B. Contribution

Contribution is a method "by which the burden of paying damages to a plaintiff is shifted from one defendant to another, both of whom are jointly liable to the plaintiff on the same claim." *Equitable Recovery, L.P. v. Heath Ins. Brokers of Texas, L.P.*, 235 S.W.3d 376, 387 (Tex. App. -Dallas 2007, pet.dism'd). Everest would only have a right to contribution if the Federal Policy insured the same risk as the Everest Policy. *Mid–Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 772 (Tex.2007) ("contribution ... require[s] that several insurers share a common obligation or burden ..."). However, while Everest insured the HOA against general commercial liability, the Federal Policy only covered statements made by the HOA's officers and directors and specifically excluded coverage for any loss arising from Property Damage and/or a Construction Defect. Accordingly, Everest has no right of contribution from Federal.

Because neither equitable subordination nor contribution applies, we sustain Federal's first issue that the trial court erred in granting Everest's motion for summary judgment, and its second issue that the trial court erred in denying its motion for summary judgment. Our resolution of Federal's first two issues obviates any need to address issues three, four and five.

### Conclusion

We conclude that the trial court erred when it granted Everest National Insurance Company summary judgment. We reverse the trial court judgment and render summary judgment for Federal Insurance Company. We remand the cause for further proceedings to determine the amount of attorney's fees to be recovered by Federal.

---

**9.** Definition of Construction Defect, *supra*, note 3.