Affirmed and Memorandum Opinion filed August 16, 2011.

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00611-CV



 

LARRY BRUCE, Appellant

V.

FREEMAN DECORATING SERVICES,
INC. DBA FREEMAN, Appellee

 



On Appeal from the County Civil
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 916,234



 

MEMORANDUM OPINION

             Appellant,
Larry Bruce, appeals the portion of a judgment imposing personal liability on him
for a debt owed to appellee, Freeman Decorating Services, Inc. DBA Freeman, by
a limited liability company of which Bruce was an officer or director.  We
affirm.

I.  Background

            Freeman is a
company that provides various services to participants in trade shows.  Freeman
filed a suit on a sworn account against Aim Data, LLC and Bruce, seeking to
recover the past due amount of $14,534.66 for services provided to Aim Data,
LLC for a trade show in February 2007.  Freeman alleged Bruce was statutorily
liable for the debt because he was an officer and/or director of Aim Data, LLC
and its charter had been forfeited for failure to pay franchise taxes.  The
trial court rendered an interlocutory default judgment against Aim Data, LLC. 
The court then conducted a bench trial on the claim against Bruce.  On April
23, 2010, the court rendered judgment awarding Freeman $14,534.66 in damages,
$4,500 in attorneys’ fees, and pre- and post-judgment interest against Aim
Data, LLC and Bruce, jointly and severally.  Bruce filed a motion for new
trial, which the court overruled by written order.  Only Bruce appeals the
judgment.

II.  Analysis

            In his first
issue, Bruce contends he did not personally incur a debt to Freeman.  However, this
fact seems undisputed, and Freeman did not allege Bruce was liable because he personally
incurred the debt.  Accordingly, resolution of Bruce’s first issue is not
dispositive of the appeal.

Rather, Freeman
sought to impose liability on Bruce for the debt of Aim Data, LLC pursuant to Texas
Tax Code section 171.255.  Chapter 171 of the Texas Tax Code governs franchise
taxes for business organizations.  More specifically, Subchapter F pertains to
forfeiture of corporate and business privileges.  Subchapter F includes section
171.255, entitled “Liability of Director and Officers,” which provides in
pertinent part,

(a)  If the corporate privileges of a corporation are
forfeited for the failure to file a report or pay a tax or penalty, each
director or officer of the corporation is liable for each debt of the
corporation that is created or incurred in this state after the date on which
the report, tax, or penalty is due and before the corporate privileges are
revived. . . .

Tex. Tax Code Ann.
§ 171.255(a) (West 2008).  Freeman presented evidence that Aim Data, LLC’s
privileges had been forfeited and not revived as of February 10, 2006 and
Freeman provided the services at issue to Aim Data, LLC in February 2007.  

In his
second stated issue, Freeman contends that section 171.255 does not apply to a
limited liability company.  However, in the body of his argument, Bruce also
briefly suggests he is not liable under section 171.255 because there is no
evidence he was an officer or director of Aim Data, LLC, a statutory exception
to liability applied even if he was an officer or director, and there is no
evidence that Aim Data, LLC incurred a debt to Freeman.

A.        Applicability
of Section 171.255

Bruce argues that section 171.255 imposes liability
on directors and officers of corporations only—not limited liability
companies.  See id.  As Bruce suggests, limited liability companies are not
expressly mentioned in section 171.255.  However, a former version of section
171.001, in effect when Aim Data, LLC forfeited its charter and incurred the
debt at issue, provided that a franchise tax is imposed on each “corporation”
and “limited liability company” doing business in Texas and defined “corporation”
for purposes of Chapter 171 to include “a limited liability company, as defined
under the Texas Limited Liability Company Act.”  Act of May 25, 1991, 72nd
Leg., R.S., ch. 901, § 53, 1991 Tex. Gen. Laws 3161, 3218 (amended 2006)
(current version at Tex. Tax. Code Ann. § 171.001 (West 2008)).  Accordingly, under
the former version of Chapter 171, section 171.255 applied to a limited
liability company.

In 2006, the Legislature revised some provisions of
Chapter 171, including section 171.001, which now provides that a tax is
imposed on a “taxable entity.”  Tex. Tax Code Ann. § 171.001(a).  The
Legislature also codified various definitions into sections 171.0001 and 171.0002. 
See id. §§ 171.0001, .0002.  Notably, the Legislature deleted a
definition for “corporation,” see id. § 171.0001, but added a
definition for “taxable entity,” which includes “a limited liability company.” 
See id. § 171.0002.  Additionally, the Legislature enacted section 171.2515,
expressly rendering the provisions of Subchapter F, including section 171.255,
applicable to forfeiture of the right of a “taxable entity” to transact
business in the state: 

(a)  The comptroller may, for the same reasons and using
the same procedures the comptroller uses in relation to the forfeiture of the
corporate privileges of a corporation, forfeit the right of a taxable entity to
transact business in this state.

(b)  The provisions of this subchapter, including
Section 171.255, that apply to the forfeiture of corporate privileges apply to
the forfeiture of a taxable entity’s right to transact business in this state.

Id. § 171.2515.  Therefore,
under the current version of Chapter 171, section 171.255 remains applicable to
a limited liability company, albeit via different provisions than the former version
of Chapter 171. 

            The current version
became effective January 1, 2008—after Aim Data, LLC’s privileges were
forfeited and the debt to Freeman incurred but before Freeman filed suit.  Except
for a few exceptions, the Legislature provided that the revisions to Chapter
171 “take[] effect January 1, 2008, and appl[y] to reports originally due on or
after that date.”

Act of May 2, 2006, 79th Leg., 3d C.S.,
ch. 1, § 26, 2006 Tex. Gen. Laws 1, 40.  The applicability of this effective
date to imposition of liability on an officer or director when a taxable
entity’s privileges have been forfeited is not exactly clear because failure to
file a report required under Chapter 171 is only one reason privileges may be
forfeited; failure to pay taxes is another reason.  See Tex. Tax. Code
Ann. §§ 171.251, .255.  Nevertheless, we need not decide any issues relative to
the effective date of the current Chapter 171 because the result is the same
even if it applies in this case.  As explained above, under both the former and
current versions of Chapter 171, Bruce is personally liable pursuant to section
171.255 for Aim Data, LLC’s debt to Freeman if he was an officer or director at
the time the debt was incurred.  See PACCAR Fin. Corp. v. Potter,
239 S.W.3d 879, 883 (Tex. App.—Dallas 2007, no pet.) (recognizing that liability
under section 171.255 attaches only to those persons who were directors or
officers of corporation or limited liability company when debt was created or
incurred).

B.        Officer or Director Status 

            In his stated
issue, Bruce asserts only that section 171.255 is inapplicable to a limited
liability company.  However, in the body of his argument, Bruce includes a suggestion,
limited to one sentence, that there is no evidence he was an officer or
director of Aim Data, LLC: “Even so, Bruce denied he was a director of Aim
Data, LLC in 2006 . . . and there was no evidence as to whether he was an
officer.”

Bruce apparently challenges legal sufficiency of the
evidence to support a finding that he was an officer or director.  When, as here, findings of fact or
conclusions of law are not filed or properly requested after a bench trial, it is implied
that the trial court made all necessary findings to support its judgment.  Mays
v. Pierce, 203 S.W.3d 564, 571 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)
(citing Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989)).
 However, when a reporter’s record is filed, these implied
findings are not conclusive and
may be challenged for legal and factual sufficiency.  Reservoir Systems,
Inc. v. TGS-NOPEC Geophysical Co., L.P., 335 S.W.3d 297, 303 (Tex.
App.—Houston [14th Dist.]  2010, pet. denied) (citing Roberson, 768 S.W.2d at 281). 


We review a trial court’s findings for sufficiency of
the evidence under the same standards applicable to reviewing evidence
supporting a jury finding.   Id. at 302 (citing Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994);
CA Partners v. Spears, 274 S.W.3d 51, 69 (Tex. App.—Houston
[14th Dist.] 2008, pet. denied)).  When examining a
legal-sufficiency challenge, we review the evidence in the light most favorable
to the challenged finding and indulge every reasonable inference that would
support it.  City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005). 
We credit favorable evidence if a reasonable fact finder could and disregard
contrary evidence unless a reasonable fact finder could not.  Id. at
827.  The fact finder is sole judge of the credibility of witnesses and the
weight to be given their testimony.  Id.  The evidence is legally
sufficient if it would enable reasonable and fair-minded people to reach the
verdict under review.  Id.

            To prove
Bruce’s status as a director or officer of Aim Data, LLC at the time it
incurred the debt, Freeman presented, without objection, “Texas Franchise Tax
Public Information Report[s]” prepared for Aim Data, LLC for 2003, 2004, and
2006.  On the 2003 and 2004 reports, Bruce is listed as an officer and
director.  On the 2006 report, Bruce is listed as the only director.  Moreover,
Bruce is shown as the person signing the 2006 report and certifying the
information was true and correct to the best of his knowledge.

In the
above-referenced portion of his trial testimony, Bruce denied he was a director
in 2006 and claimed he did not sign the 2006 report.  However, as sole judge of
witness credibility and the weight to assign evidence, the trial court was free
to disbelieve Bruce’s testimony, consider that the signature on the report
matched his signature on other documents which he admittedly signed, and
conclude the report accurately reflected his status as a director. 

The form
for the 2006 report provided no deadline for filing but merely stated that the information
“is updated annually.”  This particular report was dated June 8, 2006.  Bruce
presented no controverting evidence showing the report was amended within the
year after June 8, 2006 to remove his name as a director.  Notably, a company
is required to include the expiration date of the term for each officer or
director listed on the form, but there is no expiration date shown for Bruce’s
term as director.  Accordingly, the trial court could have reasonably inferred
that Bruce remained a director in February 2007—only eight months after the
report was filed.  Accordingly, the evidence was legally sufficient to support
the court’s implied finding that Bruce was a director of Aim Data, LLC when it
incurred the debt to Freeman.

C.        Exception to
Section 171.255

            Bruce’s
suggestion that an exception to section 171.255 applied in this case is also
limited to one sentence in his brief:  “Regardless of whether someone could
possibly construe Section 171.255 of the Tax Code to be applicable to a limited
liability company, the exception of Section 171.255(c) applies to Bruce.”

There
are two exceptions to personal liability under section 171.255:

(c)  A director or officer is not liable for a
debt of the corporation if the director or officer shows that the debt was
created or incurred:

            (1)  over the director’s objection; 
or

(2)  without the
director’s knowledge and that the exercise of reasonable diligence to become
acquainted with the affairs of the corporation would not have revealed the
intention to create the debt.

Tex. Tax Code Ann.
§ 171.255(c).  The officer or director bears the burden to show the debt
was incurred over his objection or without his knowledge.  In re Trammell,
246 S.W.3d 815, 822 (Tex. App.—Dallas 2008, no pet.); Priddy v. Rawson,
282 S.W.3d 588, 595 n.11 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).  

            Despite bearing this
burden of proof, Bruce did not plead that an exception applied.  Assuming
without deciding the issue was tried by consent, we construe Bruce’s assertion
as an argument that the trial court erroneously made an implied finding
rejecting application of an exception because he conclusively established an
exception.  See Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001)
(stating that party attacking legal sufficiency relative to adverse
finding on which he had burden of proof
must demonstrate evidence conclusively established all vital facts in support
of the issue). 

However,
Bruce does not advance any argument or cite any portion of the record
supporting his general assertion that an exception applied, much less indicate
which exception was purportedly applicable.  Although we have liberally
construed his brief to address arguments presented in the body but not in a
stated issue, he nonetheless is required to present substantive analysis with
appropriate citations to authorities and the record.  See Tex. R. App.
P. 38.1(h) (providing appellant’s brief must contain clear and concise argument
for contentions made, with appropriate citations to authorities and record); Sunnyside Feedyard, L.C. v.
Metropolitan Life Ins. Co., 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.) (recognizing
that failure to cite authority or advance substantive analysis waives issue on
appeal).  Accordingly, Bruce has waived any appellate contention that he met
his burden to prove an exception applied to imposition of liability under section
171.255.

D.        Debt of Aim
Data, LLC

Finally,
Bruce also briefly asserts that Aim Data, LLC owed no debt to Freeman.  Because
Aim Data, LLC does not challenge the judgment, Bruce apparently posits that
Freeman failed to prove Aim Data, LLC incurred a debt in order to argue that he
therefore is not liable to Freeman pursuant to section 171.255.  His sole
supporting argument is that Mary Oswald, Freeman’s representative at trial, “had
no knowledge of the debt or its creation,” was not present at the trade show
for which the services were provided, and became involved only when the matter
was “a collection issue.”

Freeman’s
2007 invoice to Aim Data, LLC was admitted at trial without objection.  The
invoice reflects that $15,534.66 in services were provided to Aim Data, LLC for
the February 2007 trade show and itemizes these services in detail.  The
invoice also reflects that Mastercard payments provided in advance and at the
show were declined, but $1,000 was paid in April 2007, resulting in a balance
of $14,534.66.  At trial, Oswald confirmed that this invoice represented services
provided for the 2007 trade show and two payments of $500 each were made in
April 2007.  Oswald did testify she was not personally involved in the delivery
of services to Aim Data, LLC or present at the trade show.  Nonetheless, we
disagree with Bruce’s proposition, unsupported by any authority, that Oswald
must have been present at the trade show in order to prove as Freeman’s
representative that its records showed an outstanding balance for services provided
relative to the show.  

In sum,
having rejected all Bruce’s reasons for contending the trial court erred by
imposing personal liability on him for the debt of Aim Data, LLC, we overrule his
second issue.

            We affirm the trial
court’s judgment.

 

                                                            

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel
consists of Justices Anderson, Seymore, and McCally.